ETTA BRIGGS *et al.*, Plaintiffs-Appellees and Cross-Appellants, v. LAWRENCEVILLE INDUSTRIES, INC., *et al.*, Defendants-Appellants and Cross-Appellees.

Fifth District No. 5—83—0699

Opinion filed August 21, 1985.

Robert W. Schmieder, of Wagner, Bertrand, Bauman & Schmieder, of Belleville, for appellants.

Leahy & Leahy, of Springfield (Andrew J. Leahy and Mary Lee Leahy, of counsel), for appellees.

JUSTICE WELCH delivered the opinion of the court:

Plaintiffs Etta Briggs and Ruth Harrington commenced this action pursuant to section 17 of article 1 of the Illinois Constitution (Ill. Const. 1970, art. 1, sec. 17), alleging that their former employer, Lawrenceville Industries, had discriminated against them on the basis of sex. After a jury trial in the circuit court of Jasper County, the trial court granted defendants' motion for a new trial as to damages only. After the second trial, the jury awarded each plaintiff $20,000. Defendants appeal; plaintiffs cross-appeal. We reverse the judgment of the trial court.

Plaintiffs' complaint was filed after the effective date of the Fair Employment Practices Act (Ill. Rev. Stat. 1977, ch. 48, par. 851 *et*

*seq.*) (now the Illinois Human Rights Act (Ill. Rev. Stat. 1983, ch. 68, par. 1—101 *et seq.*)). However, plaintiffs sought no relief from the Fair Employment Practices Commission or the Human Rights Commission. Instead, plaintiffs commenced this direct action in the circuit court in reliance upon section 17 of article 1 of the Illinois Constitution. (Ill. Const. 1970, art. 1, sec. 17.) Plaintiffs' ultimate complaint alleged that defendants had knowingly and wilfully permitted persons to view plaintiffs and other women through an opening in the ceiling of a ladies restroom on the premises of Lawrenceville Industries, thus violating plaintiffs' right to be free from sex discrimination.

Defendants argue that plaintiffs' ultimate complaint should have been dismissed because (1) it fails to state a cause of action upon which relief can be granted, and (2) it fails to state facts showing that plaintiffs have exhausted their administrative remedies pursuant to the Human Rights Act. We agree with defendants as to both contentions.

■ Section 17 of article 1 provides that all persons shall have the right to be free from discrimination on the basis of, *inter alia*, sex "in the hiring and promotion practices of any employer ***." Said section further provides that these rights are enforceable without action by the General Assembly, but that the General Assembly by law "may establish reasonable exemptions relating to these rights and provide additional remedies for their violation." (Ill. Const. 1970, art. 1, sec. 17.) Defendants urge that the conditions of employment alleged by plaintiffs do not involve "hiring and promotion practices" as the phrase is used in section 17 of article 1. Plaintiffs reply that section 17 applies to termination of employment as well. The parties support their positions with various excerpts from the constitutional convention proceedings. However, in *Greenholdt v. Illinois Bell Telephone Co.* (1982), 107 Ill. App. 3d 748, 752, 438 N.E.2d 245, 248, this court, in a well-reasoned opinion, determined that section 17 of article 1 extends to hiring and promotion practices but not to all employment practices. (See also *Thakkar v. Wilson Enterprises, Inc.* (1983), 120 Ill. App. 3d 878, 883-84, 458 N.E.2d 985, 989.) We find *Greenholdt* to be persuasive and controlling authority in the case at bar, and we conclude on that basis that plaintiffs have failed to state a cause of action under section 17 of article 1.

■ This disposes of defendants' appeal and renders unnecessary any consideration of plaintiffs' motion to strike a portion of defendants' brief and plaintiffs' cross-appeal contention regarding inadequacy of damages. However, we note our agreement with defendants' further contention regarding plaintiffs' failure to exhaust administra-

tive remedies under the Human Rights Act. Plaintiffs urge that procedures under the Human Rights Act are additional to, not in place of, the remedy of commencing an original action under section 17 of article 1. Again, the matter is the subject of a carefully reasoned opinion of this court which we feel compelled to follow: In *Dilley v. Americana Healthcare Corp.* (1984), 129 Ill. App. 3d 537, 546-47, 472 N.E.2d 596, 603, this court, after reviewing the debates of the constitutional convention and the provisions and legislative history of the Human Rights Act, concluded that constitutional claims under section 17 of article 1 must be brought in the administrative forum.

For the foregoing reasons, the judgment of the circuit court of Jasper County is reversed and remanded with directions that plaintiffs' cause of action be dismissed.

Reversed and remanded with directions.

JONES, P.J., and KARNS, J., concur.