GERALD J. LEWIS, Plaintiff-Appellee, v. THE COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 10, Defendant-Appellant (Service Employees International Union Local No. 316, Defendant).

Fifth District   No. 5—86—0308

Opinion filed July 28, 1987.

John W. Leskera, of Dunham, Boman & Leskera, of East St. Louis, for appellant.

No brief filed for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Collinsville Community Unit School District No. 10 (the District), has perfected the instant appeal, pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), from an order of the circuit court of Madison County entered on April 25, 1986, denying the defendant's motion to dismiss plaintiff's second amended complaint. Defendant challenges the ability of the plaintiff to maintain a civil action which alleges a violation of the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 1—101 *et seq.*).

Plaintiff, Gerald J. Lewis, filed a second amended complaint, one count of which was directed against the defendant District, on December 3, 1985, alleging that he was wrongfully and discriminatorily discharged from his employment with the District because of his physical condition. Plaintiff alleges that his discharge was in violation of section 1—102(A) of the Illinois Human Rights Act (the Act) (Ill. Rev. Stat. 1985, ch. 68, par. 1—102(A)). On January 3, 1986, the District filed a motion to dismiss count I of the second amended complaint citing plaintiff's failure to allege that he had followed the administrative procedures outlined in the Act or exhausted the administrative remedies available to him. The District further alleged in its motion to dismiss that the plaintiff could not maintain a civil action alleging a civil rights violation because the administrative procedures outlined in the Act are the sole and exclusive remedy for the alleged civil rights violation.

On January 31, 1986, the District's motion to dismiss was denied by the trial court. The District's motion for reconsideration, filed on February 14, 1986, was denied by the trial court on March 26, 1986.

A further motion for reconsideration was filed by the District on April 25, 1986, along with a motion pursuant to Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)), requesting the trial court to make the findings set forth in Rule 308(a) in order to permit it to initiate an interlocutory appeal. On April 25, 1986, the District's further motion for reconsideration was denied and the circuit court certified the following question for interlocutory appeal:

"Whether the legislature under the Illinois Human Rights Act, Ill. Rev. Stat. 1983, Chap. 68, Para. 1—101, et. seq. intended said Act to be the exclusive remedy for an employee allegedly discharged as a result of his physical condition."

The District filed an application for leave to appeal pursuant to Supreme Court Rule 308 on May 9, 1986, which was allowed by this court on June 4, 1986.

The plaintiff has not filed an appellee's brief; however, the issue is such that we can decide it without the aid of appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The public policy of Illinois prohibiting discrimination and expressly prohibiting discrimination on the basis of physical handicap is contained in section 1—102(A) of the Illinois Human Rights Act which states:

"Declaration of Policy. It is the public policy of this State:

(A) *** To secure for all individuals within Illinois the freedom from discrimination because of race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental handicap ***." (Ill. Rev. Stat. 1985, ch. 68, par. 1—102(A).)

Comprehensive administrative procedures are outlined in the Act which provide a remedy to any party alleging discrimination or a violation of his human rights. (Ill. Rev. Stat. 1985, ch. 68, par. 7—101 *et seq.*) These procedures provide for investigation and adjudication of the alleged human rights violation by the Human Rights Commission of the Department of Human Rights. Under the Act, a civil suit may be filed for judicial review of the administrative procedures and findings, or for judicial enforcement of any administrative order. (Ill. Rev. Stat. 1985, ch. 68, par. 8—111.) However, direct access to the courts for redress of an alleged civil rights violation is specifically restricted by the Act under section 8—111(C), which provides:

"Judicial Review.

* * *

(C) Limitation. Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an al-

leged civil rights violation other than as set forth in this Act." Ill. Rev. Stat. 1985, ch. 68, par. 8—111(C).

■■ It is clear from the Act, and subsequent construction of the Act by the Illinois Supreme Court, that the legislature intended actions for alleged human rights violations to be adjudicated through the administrative procedures outlined in the Act. In *Mein v. Masonite Corp.* (1985), 109 Ill. 2d 1, 485 N.E.2d 312, the Illinois Supreme Court, considering a claim for wrongful discharge on the basis of age, stated:

> "The legislature has specifically provided through section 8—111(D) [now 8—111(C)] of the present act, which is set out above, that courts have no jurisdiction to hear independent actions for civil rights violations. It is clear that the legislature intended the Act, with its comprehensive scheme of remedies and administrative procedures, to be the exclusive source for redress of alleged human rights violations. [Citations omitted.] Debates on Senate Bill 1377, which became the Human Rights Act, confirm that the legislature intended by the Act to avoid direct access to the courts for redress of civil rights violations." 109 Ill. 2d 1, 3, 485 N.E.2d 312, 315.

The supreme court's holding in *Mein* that direct access to the courts is not provided for in human rights claims is consistent with prior appellate court holdings on this issue. See *Briggs v. Lawrenceville Industries, Inc.* (1985), 136 Ill. App. 3d 1073, 484 N.E.2d 347 (sex discrimination); *Dilley v. Americana Healthcare Corp.* (1984), 129 Ill. App. 3d 537, 472 N.E. 2d 596 (sex discrimination); *Yount v. Hesston Corp.* (1984), 124 Ill. App. 3d 943, 464 N.E.2d 1214 (mental condition); *Thakkar v. Wilson Enterprise, Inc.* (1983), 120 Ill. App. 3d 878, 458 N.E.2d 985 (national origin); *Armstrong v. Freeman United Coal Mining Co.* (1983), 112 Ill. App. 3d 1020, 446 N.E.2d 296 (physical condition).

■■ Our review of the second amended complaint indicates that plaintiff's suit is not brought for the judicial review or for enforcement of an administrative action. Plaintiff in the instant case has filed a civil action alleging a human rights violation without first having filed a charge with the Human Rights Commission or having followed any of the procedures outlined in and required by the Act. Inasmuch as we find the administrative procedures outlined in the Act to be the exclusive remedy available to plaintiff for redress of an alleged human rights violation, we find that plaintiff's direct civil suit was improperly brought and accordingly should have been dismissed by the trial court.

For the reasons stated above, the order of the circuit court of Madison County, entered January 31, 1986, is reversed and we remand this cause with directions that the circuit court dismiss Count I of plaintiff's second amended complaint with prejudice.

Reversed and remanded with directions.

KARNS, P.J., and LEWIS,* J., concur.