BISMARCK HOTEL COMPANY, Plaintiff-Appellee, v. KIMBERLY A. SUTHERLAND, Defendant-Appellant.

First District (3rd Division)   No. 87—2374

Opinion filed October 5, 1988.—Rehearing denied November 15, 1988.

Ronald A. Bredemann and Jerome Marvin Kaplan, both of Chicago, for appellant.

Lawrence Jay Weiner, Walter J. Starck, and Cecilia M. Clarke, all of Schwartz & Freeman, of Chicago, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

This is the second appeal resulting from three forcible entry and detainer actions filed by plaintiff, Bismarck Hotel Co., against defendant, Kimberly A. Sutherland, concerning defendant's lease and occupancy of a suite of offices in plaintiff's building at 134 N. La Salle in Chicago. Plaintiff filed its first forcible entry and detainer action against defendant on June 19, 1979. In the appeal resulting from that action, this court found that, upon expiration of defendant's lease on December 31, 1978, the parties' conduct revealed the creation of a month-to-month tenancy of suite 700 and therefore entered summary judgment for defendant. (*Bismarck Hotel Co. v. Sutherland* (1980), 92 Ill. App. 3d 167, 172-73, 415 N.E.2d 517.) We also affirmed orders striking defendant's counterclaim and denying her motion to file an amended counterclaim on the ground that they involved claims for damages which were not germane to the distinctive purpose of a forcible entry and detainer proceeding, *i.e.*, to adjudicate the right to possession of premises. *Bismarck Hotel Co.*, 92 Ill. App. 3d at 174.

On March 17, 1981, the circuit court dismissed plaintiff's second forcible entry and detainer action, which plaintiff had filed on February 3, 1981, pursuant to a finding that "[p]laintiff's suit is premature since no mandate has been issued or filed in a matter pending before the supreme court of Illinois."

This appeal results from the third forcible entry and detainer action by plaintiff against defendant, filed on June 19, 1981. After a bench trial in the circuit court of Cook County, the trial court entered a final judgment order on March 17, 1987, awarding plaintiff $3,602.20 in back rent from defendant. On June 26, 1987, the trial court reduced the judgment to $2,902.20 pursuant to defendant's post-trial motion, reflecting a vacation of the award to plaintiff of rent from August 1981.

Plaintiff's amended complaint in this action, filed on February 17, 1982, alleged that defendant: (1) was a month-to-month tenant of suite 700 from December 1980 to August 1981; (2) was obligated to pay plaintiff $700 per month plus the cost of utilities; (3) had failed to pay the utilities for that period or any rent from January through April 1981; (4) owed plaintiff $210.19 for utilities and $2,800 in rent; (5) vacated the premises without notice to plaintiff on or about July 28, 1981; and (6) thus owed plaintiff rent for the month of August 1981. Plaintiff made no claim for possession in the amended complaint.

Defendant's fourth amended counterclaim in the instant action is mainly in issue here. Therein, defendant purports to allege claims for:

intentional interference with the quiet enjoyment of her leasehold (count I); punitive damages relating to count I (count II); breach of the covenant of quiet enjoyment (count III); actual eviction in contract (count VI); malicious use of process (count VII); and a civil rights violation under the Illinois Constitution (count XIII). Counts IV and V, although appearing in the fourth amended counterclaim, had been stricken from defendant's third amended counterclaim. The fourth amended counterclaim combined counts VII through XII of the third amended counterclaim into one count VII. Counts I, II, III and VI were essentially based on plaintiff's alleged: (1) refusal to allow defendant to sublet any portion of suite 700 from September 15, 1979, to July 26, 1981, when defendant vacated the suite; (2) refusal to allow defendant to place her associates' or employees' names on the outer door of suite 700 or the building lobby directory; (3) removal of the lettering "JANICE I. MILLETTE, ATTORNEY AT LAW" from the outer door of suite 700 without defendant's knowledge or consent; and (4) serving defendant with several notices to quit the premises pursuant to plaintiff's filing of the second and instant actions against defendant. The basis of count VII was plaintiff's prosecution of all three forcible entry and detainer actions against defendant. The basis of count XIII was alleged sex discrimination by plaintiff in its dealings with defendant.

Defendant asserted the allegations of count I of her third amended counterclaim, which were identical to those of count I of the fourth amended counterclaim, as her affirmative defenses to plaintiff's amended complaint.

On October 28, 1985, the trial court struck defendant's fourth amended counterclaim pursuant to plaintiff's motion under section 2—615 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—615). On March 31, 1986, the trial court denied defendant's motion to reconsider the October 28, 1985, order. On December 22, 1986, the trial court denied defendant's motion to reinstate her third amended counterclaim and struck her affirmative defenses. On March 12, 1987, the trial court denied defendant's motion to reconsider the foregoing orders and granted plaintiff's oral motion *in limine* to bar defendant from introducing any evidence at trial relating to the allegations of her amended counterclaims and affirmative defenses. On March 17, 1987, the trial court entered a final judgment order for defendant. On June 26, 1987, although it reduced the amount of the judgment, the trial court denied defendant's post-trial motion for judgment or a new trial. Defendant appeals from those orders and the judgment for plaintiff.

Preliminarily, we must address plaintiff's contentions that this court does not have jurisdiction over defendant's appeal and that it is otherwise barred by the doctrines of *res judicata*, collateral estoppel or the law of the case.

■ Plaintiff first asserts that defendant's failure to timely appeal the orders dismissing or upholding the dismissal of the fourth amended counterclaim precludes the instant appeal. We conclude that we have jurisdiction over the appeal of those orders due to the trial court's failure to include in any of them the finding that there was no just reason to delay enforcement or appeal required by Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) to make final judgments in actions involving multiple parties or claims for relief appealable. See *Peterson v. Gwin* (1959), 17 Ill. 2d 261, 161 N.E.2d 123; *Board of Trustees of The University of Illinois v. Timpone* (1963), 28 Ill. 2d 525, 190 N.E.2d 786; *Chicago Miniature Lamp Works, Inc. v. D'Amico* (1979), 78 Ill. App. 3d 269, 397 N.E.2d 138.

Plaintiff next asserts that this court's affirmance of the dismissal of defendant's counterclaim in the first action between the parties on the grounds that the counterclaim raised issues not germane to the distinctive purpose of forcible entry and detainer proceedings, *i.e.*, to adjudicate the right to possession of premises, barred defendant's fourth amended counterclaim in the instant action under the doctrines of *res judicata*, collateral estoppel and/or the law of the case.

■ ■ The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent litigation between the same parties or their privies on matters found to be part of the same cause of action. The essential elements of the doctrine are identity of parties, subject matter and causes of action. (*In re Marriage of Firestone* (1987), 158 Ill. App. 3d 887, 891, 511 N.E.2d 895.) The instant action ultimately involved only a claim for rent based on defendant's occupancy of suite 700 for a different period than was at issue in the first action between the parties. As such, there is lacking identity of subject matter and cause of action between this action and the former necessary to apply the doctrine of *res judicata*.

■ Collateral estoppel bars relitigation of a fact or question: (a) actually fully litigated in a prior action; (b) necessary to the determination of that action; and (c) upon which a final judgment was rendered. (*Ogle v. Fuiten* (1983), 112 Ill. App. 3d 1048, 445 N.E.2d 1344, *aff'd* (1984), 102 Ill. 2d 356, 466 N.E.2d 224.) The question of defendant's right to pursue a counterclaim for damages in an action by plaintiff for arrearages in rent only was neither actually litigated in

the prior action nor necessary to the determination reached therein. And the judgments of the trial court and this court therein were not rendered upon that question. As such, collateral estoppel did not bar defendant from prosecuting her fourth amended counterclaim in this action.

■ The law of the case doctrine binds a court to the particular views of law announced in a prior opinion unless the facts require a different interpretation. (*Bradley v. Howard Hembrough Volkswagen, Inc.* (1980), 89 Ill. App. 3d 121, 411 N.E.2d 535.) Plaintiff dropped its claim for possession in this action after defendant vacated suite 700 on or about July 28, 1981. Thereafter, this action did not have the distinctive purpose usually obtaining in forcible entry and detainer proceedings. Its purpose, rather, was the same as in any action at law, *i.e.*, to adjudicate a monetary claim. As such, we believe the facts of this case require a different interpretation than we reached in our earlier opinion, *i.e.*, defendant was not barred from prosecuting the claims alleged in her fourth amended counterclaim in the instant action although they were essentially claims for damages.

Proceeding to the merits of defendant's appeal, defendant first contests the trial court's dismissal of counts I, II, III and VI of the fourth amended counterclaim. She asserts, contrary to the trial court's reasoning, that absent prohibitive lease provisions, a tenant has the right to sublet and to display names on the door to the demised premises and a building directory. She further contends that a landlord's prohibition or interference with the exercise of those rights as well as its prosecution of spurious eviction suits constitute interference with the tenant's quiet enjoyment of the leasehold, a breach of the covenant of quiet enjoyment and a partial actual eviction.

Defendant's contention that she had the right to sublet part of suite 700 is predicated on the allegation in paragraph 53 of count I of the fourth amended counterclaim that she was a month-to-month tenant under an oral lease after December 31, 1979. In the prior appeal this court found that defendant was a month-to-month tenant of suite 700. While we did not indicate the nature of the lease under which defendant occupied suite 700, it is manifest that the lease was necessarily oral. A tenant normally has the right to sublet or assign a leasehold absent a lease provision to the contrary. (See *Edelman v. F. W. Woolworth Co.* (1929), 252 Ill. App. 142, 145.) However, our previous finding that defendant was plaintiff's month-to-month tenant under an oral lease did not make that rule automatically applicable to defendant's tenancy of suite 700.

■ Rather, after December 31, 1978, defendant occupied suite

700 under an oral lease with the same terms and conditions of the written lease under which she had occupied the suite until December 31, 1978, except insofar as those terms and conditions were modified by the parties. (*Cottrell v. Gerson* (1938), 296 Ill. App. 412, 423-24, 16 N.E.2d 529, *aff'd* (1939), 371 Ill. 174, 20 N.E.2d 74; *Bellows v. Ziv* (1962), 38 Ill. App. 2d 342, 347-48, 187 N.E.2d 265; *Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.* (1985), 137 Ill. App. 3d 550, 561, 484 N.E.2d 1178.) Moreover, it was defendant's burden to plead and prove any new terms under which she occupied suite 700 after December 31, 1978. *Cottrell*, 296 Ill. App. 412, 16 N.E.2d 529; *Bellows*, 38 Ill. App. 2d 342, 187 N.E.2d 265.

■ Section 8 of the original lease between the parties provided:

"8. Assignment and Subletting: The Lessee shall not *** (c) sublet the premises or any part thereof, or (d) permit the use or occupancy of the premises or any part thereof by any one other than Lessee."

Thus, defendant's allegation that plaintiff violated its duties under the month-to-month tenancy by prohibiting her from subletting any portion of suite 700 failed to state claims for intentional interference with her right to the quiet enjoyment of her leasehold, breach of the covenant of quiet enjoyment or actual eviction in contract. As defendant did not have the right to sublet any part of suite 700 under the original lease, she also had no such right under the oral lease pursuant to which she occupied the suite as a month-to-month tenant.

■ Even assuming that defendant had an absolute right to sublet under her month-to-month tenancy or that plaintiff could not unreasonably deny permission to sublet the premises, the fourth amended counterclaim was also insufficient at law because it did not allege the identities of any specific prospective sublessee defendant lost as a result of plaintiff's prohibition against subletting. Before a lessor's duty to accept a sublessee arises, it must be tendered a suitable tenant as sublessee, *i.e.*, one who is ready, willing and able to sublease the premises and who, at least, meets reasonable commercial standards. See *Jack Frost Sales, Inc. v. Harris Trust & Savings Bank* (1982), 104 Ill. App. 3d 933, 944, 433 N.E.2d 941.

Defendant also asserts that plaintiff's removal of her associates' or employees' names, including that of "JANICE I. MILLETTE, ATTORNEY AT LAW," from the door of suite 700 and its prohibiting her to display such names on the building lobby directory also constituted intentional interference with her quiet enjoyment of the premises, breach of the covenant of quiet enjoyment and an actual partial eviction. We do not agree.

■■ Like the right to sublet, defendant's right to have the names of her associates/employees placed on the door to suite 700 and the lobby directory was governed by the original lease between the parties. Section 4(d) of the lease provides that plaintiff reserves the right to designate all sources of sign painting and lettering. Section 11(d) provides:

> "The Lessee shall not display, inscribe, print, paint, maintain, or affix on any place in or about the building any sign, notice, legend, *** except on the doors of the premises and on the Directory Boards, and then only such *** names and matter, and in such color, size, style, place and material, as shall first have been approved by the lessor in writing."

Defendant did not allege that she had complied with these provisions of the lease and, specifically, that she had obtained plaintiff's approval in writing for the legend "JANICE I. MILLETTE, ATTORNEY AT LAW," or for the names of her employees/associates which plaintiff allegedly removed from the door of suite 700 or the lobby directory. As such, defendant failed to allege sufficient facts to state a cause of action for interference with her right of quiet enjoyment, breach of that covenant or an actual partial eviction insofar as those claims were based on her right to advertise the names of her employees or associates.

■■ Defendant next asserts that plaintiff's serving defendant with notices to quit the premises pursuant to the prior forcible entry and detainer actions constituted intentional interference with her right to quiet enjoyment, breach of that covenant and an actual eviction. The fourth amended counterclaim merely alleged that plaintiff's serving defendant with the notices to quit violated plaintiff's duties under the circuit court's stay order in the first action between the parties, which was in force until this court issued its mandate to the circuit court upon the supreme court's denial of defendant's petition for leave to appeal in that case. We find the allegations of the counterclaim conclusory and totally lacking in the factual specificity required to state a cause of action for interference with quiet enjoyment of a leasehold, breach of a covenant of quiet enjoyment or an actual partial eviction.

In view of the foregoing determinations, it is unnecessary to address defendant's contention that the trial court erred in striking her fourth amended counterclaim on the ground that she was not entitled to sue for interference with quiet enjoyment, breach of that covenant or for an actual partial eviction because she remained in suite 700 until such time as she voluntarily chose to vacate the premises.

.

■■■ Defendant next contests the trial court's striking count VII of the fourth amended counterclaim, for malicious use of process. We find no error in the action of the trial court. The elements of a claim for malicious use of process or malicious prosecution based on a civil suit are: (1) the defendant's institution of the suit; (2) its termination in the plaintiff's favor; (3) the presence of malice; (4) the lack of probable cause; and (5) special injury to the plaintiff. *Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 458 N.E.2d 1120.

■■■ Obviously, defendant could not demonstrate the termination of the instant action in her favor when she filed the fourth amended counterclaim. Moreover, she could not demonstrate the termination of plaintiff's second forcible entry and detainer action in her favor. That action, filed on February 3, 1981, was dismissed as premature because this court's mandate in the first action had not been issued to the circuit court. A favorable termination for purposes of a malicious prosecution claim is one which deals with the factual issue or issues of a case. Thus, neither voluntary nor involuntary dismissals are such terminations. (*Kurek v. Kavanaugh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 365 N.E.2d 1191; *Sutton v. Hofeld* (1983), 118 Ill. App. 3d 65, 454 N.E.2d 681.) This rule obtains notwithstanding that such dismissals may constitute adjudications on the merits under Supreme Court Rule 273 (107 Ill. 2d R. 273). *Savage v. Seed* (1980), 81 Ill. App. 3d 744, 401 N.E.2d 984; *Siegel v. City of Chicago* (1970), 127 Ill. App. 2d 84, 261 N.E.2d 802.

Furthermore, while plaintiff's first forcible entry and detainer action for possession of the demised premises terminated in defendant's favor, the fourth amended counterclaim fails to adequately allege the elements of a claim for malicious prosecution based on that suit. Paragraph 68 of count VII alleges that plaintiff and its agents, "contriving to harass, oppress, and injure [defendant], and to bring her into public disgrace, maliciously, wilfully, and without probable cause" brought the first forcible entry and detainer action against defendant. Paragraph 70 asserts that plaintiff's allegations in that action that it was entitled to possession of suite 700 and that defendant was unlawfully withholding possession of the premises from plaintiff were found to be untrue in the prior appeal.

"It is well established that an actionable wrong cannot be made out by the vituperous and profuse interpolation of adjectives characterizing an act as having been wrongfully done. The pleading of conclusions alone will not suffice for factual allegations upon which a cause of action must be based." (*Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 151, 351 N.E.2d 285, citing *Skolnick v. Nudelman*

(1966), 71 Ill. App. 2d 424, 218 N.E.2d 775.) In *Sutton v. Hofeld* (1983), 118 Ill. App. 3d 65, 454 N.E.2d 681, the court held that a statement that suit was brought solely to harass the plaintiff and that the defendant knew that the plaintiff was not liable, standing alone, was insufficient to establish malice. In *Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 458 N.E.2d 1120, the court held that mere allegations that the defendant acted maliciously and without probable cause, absent factual allegations regarding those elements of malicious prosecution, were mere conclusions of law unsupported by specific facts. See also *Jacobson v. Rolley* (1975), 29 Ill. App. 3d 265, 330 N.E.2d 256 (allegation that defendant acted "without any probable or reasonable cause" was merely conclusory).

Under the foregoing cases, the inadequacy of defendant's counterclaim to sufficiently state a claim for malicious prosecution based on plaintiff's prosecution of the first forcible entry and detainer action against her is manifest.

Defendant next contends the trial court erred in striking count XIII of her counterclaim, which alleged various acts of sex discrimination.

We find no error in the trial court's dismissal of count XIII. Preliminarily, we note that defendant has waived the contentions asserted in count XIII that plaintiff violated article 1, section 2, of the Illinois Constitution of 1970, which guarantees the equal protection and due process of law, and that she was entitled to punitive damages. Claims supported neither by reason nor citation of authority are waived on appeal. *Hirschfield v. Barrett* (1968), 40 Ill. 2d 224, 239 N.E.2d 831, *cert. denied* (1969), 393 U.S. 1062, 21 L. Ed. 2d 706, 89 S. Ct. 716.

Count XIII fails to state a cause of action for violations of section 17 of article 1 of the Illinois Constitution of 1970 to the extent that it is based on conduct by plaintiff occurring after July 1, 1980, the effective date of the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 1—101 *et seq.*). The Act is the exclusive mechanism for enforcement of rights guaranteed by article 1, section 17. (*Thakkar v. Wilson Enterprises, Inc.* (1983), 120 Ill. App. 3d 878, 883, 458 N.E.2d 985; *Dilley v. Americana Healthcare Corp.* (1984), 129 Ill. App. 3d 537, 472 N.E.2d 596; *Walker v. Woodward Governor Co.* (N.D. Ill. 1986), 631 F. Supp. 91.) As such, the failure to exhaust its administrative remedies precludes a plaintiff from maintaining a private cause of action for discrimination on account of race (*Walker*, 631 F. Supp. 91), age (*Cahoon v. Alton Packing Corp.* (1986), 148 Ill. App. 3d 480, 499 N.E.2d 522, *appeal dismissed* (1987), ____ U.S. ____, 96 L. Ed. 2d 689, 107 S. Ct. 3202) or sex (*Briggs v. Lawren-*

*ceville Industries, Inc.* (1985), 136 Ill. App. 3d 1073, 484 N.E.2d 347). Count XIII does not allege that, as to acts of plaintiff occurring after July 1, 1980, defendant first exhausted the administrative remedies provided by the Act before bringing her private cause of action. It is thus inadequate to state a cause of action for sex discrimination as to such acts.

■■■ To the extent that count XIII is based on acts of plaintiff occurring before July 1, 1980, it fails to plead sufficient facts to state a cause of action for sex discrimination in the rental of property in violation of article 1, section 17, of the Illinois Constitution of 1970. Count XIII contains the following material allegations:

"74. Throughout the course of dealings described in this [counterclaim] [defendant] was subject to harassment and discrimination due to her sex by [plaintiff].

75. [Plaintiff] is responsible for all or some of the discriminatory acts toward [defendant]:

(a) They refused to offer and charge her the same rent per square foot as they charge male tenants with comparable office space; they were, in fact, charging her more per square foot.

(b) They refused to follow their practice as set forth in Paragraph 16 of Count I of this [counterclaim], and give her the priority as tenant in possession to enter a new lease when an existing one expires as they do for male tenants.

(c) They showed [defendant] only Suites 1612-14 and 1200, at the time of the expiration of her lease *** and failed and refused to show her other available office space in the Metropolitan Building. Prospective or current male tenants are shown all available space.

(d) They interfered with her use and enjoyment of the premises in the following ways: by refusing to allow her to sublet, by refusing to allow her to place her associates' or employees' names on the door or directory, by removing lettering from her door, by giving notices to quit, as described in Count I of this [counterclaim]; they did not interfere in a similar manner with use and enjoyment by their male tenants.

(e) After December 31, 1979, [plaintiff] was willing to lease Suite 700 to a male tenant, Marvin Sacks, but not to [defendant].

(f) They refused to honor their contract to lease Suite 700 negotiated on May 17, 1979 and their contract to lease

Suites 1612-14 negotiated October 13 through November 3, 1978, described in Count I of this [counterclaim], while they honor their contracts to lease with male tenants or prospective tenants.

(g) On May 22, 1979 and thereafter, [plaintiff] refused to provide [defendant] a lease without an option to terminate on sale; male tenants had leases without such options at that time.

(h) [Plaintiff] failed and refused to clean or paint all inside walls of Suite 700 according to the Metropolitan Building's policy of painting or cleaning every three years. Plaintiff *** follows its policy on painting or cleaning in the offices of its male tenants.

(i) [Plaintiff] caused forcible entry and detainer proceedings to be brought in the Circuit Court of Cook County, Illinois, Cases 79 M1 738134, 81 M1 725379 and 81M1 260258 without probable cause; it does not sue male tenants for possession without probable cause."

Clearly, count XIII fails to allege specific facts to support the conclusions of discrimination against defendant on account of sex. That is, count XIII substantially lacks allegations of specific instances of discrimination by plaintiff against defendant in favor or to the benefit of specifically identified males. We do not mean to suggest that defendant was required to plead evidentiary facts to state a claim for sex discrimination. However, because the notice pleading allowed in Federal practice is insufficient in Illinois (*International Society for Krishna Consciousness, Inc. v. City of Evanston* (1980), 89 Ill. App. 701, 711, 411 N.E.2d 1030, *cert. denied* (1981), 454 U.S. 878, 70 L. Ed. 2d 188, 102 S. Ct. 358), a plaintiff is required to make more than broad, generalized allegations of discrimination to state a cause of action therefor. Even in Federal practice, a complaint containing broad conclusory language rather than particularized facts demonstrating a constitutional deprivation is insufficient to state a claim under the Civil Rights Act (42 U.S.C. §1983 (1982)). (See *Cohen v. Illinois Institute of Technology* (7th Cir. 1978), 581 F.2d 658, 663, *cert. denied* (1979), 439 U.S. 1135, 59 L. Ed. 2d 97, 99 S. Ct. 1058.) Count XIII was substantially insufficient as a matter of law to state a claim of discrimination under article 1, section 17, of the Illinois Constitution of 1970.

In view of the foregoing determinations, we find no error in the trial court's denial of defendant's motions to reconsider the orders striking the fourth amended counterclaim and defendant's affirmative

defenses, which were based on her third amended counterclaim. We likewise find no error in the trial court's grant of plaintiff's motion *in limine* to exclude evidence of plaintiff's alleged misconduct toward defendant.

Defendant lastly contends the trial court erred in awarding plaintiff the full rent due from January through April 1981. Defendant testified that she did not have the use of one of the three offices of suite 700 in response to whether plaintiff had allowed her the full use of the premises. She asserts that this unrefuted testimony established plaintiff's breach of the covenant of quiet enjoyment and that she was thus entitled to recoup or set off damages for that breach from plaintiff's recovery for rent. We disagree.

■■■ Obviously, defendant's testimony was a reference to the one office she claims she customarily sublet but was allegedly prohibited from doing so by plaintiff. As previously noted, however, the terms of the oral month-to-month tenancy under which defendant occupied suite 700 after December 31, 1978, were the same as those in the written lease under which she occupied the suite before that date. One of the terms of the written lease, and thus of her month-to-month tenancy, was a blanket prohibition against subletting. Thus, that defendant believed she was wrongfully denied the use of an office in suite 700 did not entitle her to a setoff for breach of the covenant of quiet enjoyment. Moreover, her testimony that she was denied use of an office was otherwise insufficient to entitle her to a setoff in view of her failure to testify as to any specific prospective subtenants she lost due to plaintiff's prohibition against subletting. We find no error in the trial court's award to plaintiff of the full amount of rent claimed.

For all of the foregoing reasons, the orders appealed from and the judgment for plaintiff are affirmed in their entirety.

Affirmed.

McNAMARA and RIZZI, JJ., concur.