Renee JOHNSON, Plaintiff,

v.

BAXTER HEALTHCARE CORPORATION, Caremark Orthopedic Services, Inc., Caremark Orthopedic Management Services, Inc., and Caremark, Inc., Defendant.

No. 94 C 4808.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 21, 1995.

Thomas Aquinas Foran, Paul Adam Henmueller, Foran & Schultz, Chicago, IL, for Renee Johnson.

Renee Johnson, Sauk Village, IL, pro se.

Dana Shelton Connell, Ellen J. Neely, Shanthi V. Gaur, Wildman, Harrold, Allen & Dixon, Chicago, IL, for Baxter Health Care Corporation, Caremark Orthopedic Services Inc., Caremark Orthopedic Management Services Inc., Caremark Inc.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

This case arises from plaintiff Renee Johnson's complaints of racially motivated harassment and mistreatment while working for defendant Baxter Healthcare Corporation and of retaliatory discharge. Defendants move to dismiss certain claims made in plaintiff's second amended complaint. For the reasons set forth below, defendants' motion to dismiss the claims is granted.

### Background

The plaintiff, Renee Johnson, an African–American woman, began work in June 1988 at Baxter Healthcare Corporation ("Baxter") as a data entry operator in its physical therapy division. In July 1990, Karen Cleland ("Cleland"), a Caucasian woman, became Johnson's immediate supervisor. Johnson contends that Cleland trained Caucasian data entry operators on Baxter's new computer

system, but refused to train Johnson and that Cleland treated Johnson differently from her Caucasian coworkers in other ways, such as making unfair performance evaluations, denying her the opportunity to work overtime, excluding her from staff meetings, and requiring her to verify the reasons for absences with a doctor's note. Furthermore, Johnson contends that Cleland and others ignored her complaints of racial harassment. In July 1990, Johnson filed a complaint with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") alleging these incidents of mistreatment.

In October 1990, Johnson applied for and was denied a promotion to lead data entry operator. She also claims that on three occasions she was denied the opportunity to transfer to positions in Baxter's affiliated health facilities or clinics. These positions were filled by Caucasian workers. On July 1, 1991, Johnson was suspended for refusing to confirm that she had tape-recorded conversations with her coworkers without the consent of each worker. On July 12, 1991, she was discharged. On August 7, 1991, Johnson amended her complaints with the IDHR and EEOC to allege that she had been suspended and discharged in retaliation for having filed complaints of racial discrimination.

After an investigation, the IDHR found no substantial evidence of discrimination or retaliation and dismissed Johnson's charges in their entirety. Johnson sought review through the Illinois Human Rights Commission. A three-member panel upheld the IDHR's decision. Johnson then filed a petition for review of the Commission's decision with the Illinois Appellate Court on April 13, 1994. While that appeal was pending, Johnson filed her initial complaint with this Court. She filed an amended complaint on December 27, 1994, asserting claims under both Title VII, 42 U.S.C. §§ 2000e–2, 2000e–3, and 2000e–5 (Count I) and under 42 U.S.C. § 1981 (Count II). On March 21, 1995, Johnson filed a second amended complaint asserting claims under Title VII (Count I) and a common law claim for retaliatory discharge (Count II).

In April 1995, we dismissed those portions of Count I of Johnson's first amended complaint alleging failure to transfer, because they were barred by her failure to raise them in her EEOC complaint. *Johnson v. Baxter Healthcare Corp.*, No. 94 C 4808, 1995 WL 170006 (N.D.Ill. Apr. 7, 1995). We also dismissed Count II of the first amended complaint in its entirety, because pre-November 1991 claims are not cognizable under section 1981. Thus, the failure to transfer claims that form part of Count I of the second amended complaint have already been dismissed, as Johnson concedes. Because our earlier order was not taken into account in defendants' motion to dismiss now under consideration, which was filed contemporaneously with our order, we treat the request to dismiss the failure to transfer allegations in Count I as a motion to strike and grant it without further discussion. Defendants do not move to dismiss the remaining allegations of Count I. Thus, the only issue remaining is defendants' motion to dismiss the retaliatory discharge claim that constitutes Count II of the second amended complaint.

### Discussion

On a motion to dismiss, we accept as true all well-pleaded factual allegations of the complaint, and draw all reasonable inferences therefrom in favor of the plaintiff. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir.1992). The court need not, however, ignore facts alleged in the complaint that undermine the plaintiff's claim. *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir.1993) (citing *Roots Partnership v. Lands' End*, 965 F.2d 1411, 1416 (7th Cir.1992)). The complaint will not be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). "Nevertheless, a plaintiff must allege sufficient facts to outline the cause of action, proof of which is essential to recovery." *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986) (citations omitted).

■ This case presents an issue of first impression. The question is whether a plaintiff complaining under the Illinois Human Rights Act ("IHRA"), having exhausted the administrative and judicial remedies provided for by that Act, may then pursue a common law cause of action for the same complaint. In this case, plaintiff complained to the IDHR under the IHRA, asserting retaliatory discharge. 775 ILCS 5/6–101(A).[1] The IDHR, by its own terms, is the exclusive remedy for violations of the Act.[2] The plaintiff, as conceded by both parties, has exhausted the procedures set forth under the Act. 775 ILCS 5/8–111.

■ She now brings a suit alleging a common law cause of action for retaliatory discharge. Defendants argue that by providing the exclusive remedy for claims of retaliatory discharge as described in the Act, the Act has effectively abolished any common law causes of action for retaliatory discharge that may have existed in Illinois prior to enactment of the IHRA. Plaintiff contends that the exclusive remedy provisions of the Act merely prevent a claimant from asserting a common law cause of action until her administrative remedies under the Act have been exhausted.

We turn to Illinois law, as we must, to determine the effect of the IHRA's exclusivity provision on the plaintiff's ability to maintain the present cause of action. This Court's duty in regard to substantive state law is to "apply the state law that would be applied in this context by the Illinois Supreme Court." *Kaplan v. Pavalon & Gifford*, 12 F.3d 87, 89 (7th Cir.1993) (quoting *Green v. J.C. Penney Auto Ins. Co.*, 806 F.2d 759, 761 (7th Cir.1986)). Obviously, cases decided by the Illinois Supreme Court are the most persuasive evidence of how that court would resolve the legal issues present-

ed here. "Intermediate appellate court cases are useful but not binding evidence of what the Illinois Supreme Court would do in a similar case." *Id.* (citations omitted).

■ The parties have not cited to us, nor have we located through our own research, Illinois cases that address the precise issue before us. Illinois has recognized a common law claim for retaliatory discharge. *Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981). The cause of action, however, is limited to situations where there is no other legal remedy against improper retaliatory discharge by an employer and to vindicate clearly mandated public policy. *Hicks v. Resolution Trust Corp.*, 738 F.Supp. 279, 282–83 (N.D.Ill.1990); *Brudnicki v. General Elec. Co.*, 535 F.Supp. 84, 89 (N.D.Ill.1982). However, for instances of retaliatory discharge for complaints of racial discrimination, Illinois has provided a legal remedy in the IHRA. *See, Hicks*, 738 F.Supp. at 283.

Defendants cite several cases supporting their contention that the IHRA is the exclusive remedy for alleged civil rights violations. *Mein v. Masonite Corp.*, 109 Ill.2d 1, 92 Ill.Dec. 501, 485 N.E.2d 312 (1985) (employee discharged on basis of age could not state a claim for wrongful discharge outside the purview of the IHRA); *Geise v. The Phoenix Co. of Chicago*, 159 Ill.2d 507, 203 Ill.Dec. 454, 639 N.E.2d 1273 (1994). Defendants cite, in addition, several cases in this district in support of their contention that retaliatory discharge claims are barred by the exclusivity provisions of the IHRA. *Flaherty v. Gas Research Inst.*, No. 92 C 7315, 1993 WL 121973 (N.D.Ill. Apr. 19, 1993); *Rager v. Boise Cascade Corp.*, No. 88 C 1436, 1989 WL 31469 (N.D.Ill. Mar. 27, 1989); *Watson v. National R.R. Passenger Corp.*, No. 88 C 1405, 1989 WL 10833 (N.D.Ill. Feb. 8, 1989).

---

1. Section 101(A) states:

It is a civil rights violation for a person, or for two or more persons to conspire, to:

(A) Retaliation. Retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment or sexual harassment in higher education, discrimination based on citizenship status

in employment, or because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act.

2. Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act.

775 ILCS 5/8–111(C).

Plaintiff counters that: (1) all the cases cited by the defendant deal with situations where the complainant had not in fact exhausted, or even sought, remedies under the IHRA; and (2) language in other cases imply that once such remedies are exhausted, a common law action could be maintained. *See, Thakkar v. Wilson Enterpr., Inc.,* 120 Ill.App.3d 878, 76 Ill.Dec. 331, 458 N.E.2d 985 (Ill.App.Ct.1983) ("the statutory scheme of the IHRA ... bars plaintiff from bringing a direct cause of action *until* the administrative procedures and remedies as set forth in the act have been exhausted") (emphasis added); *Bismarck Hotel Co. v. Sutherland,* 175 Ill.App.3d 739, 125 Ill.Dec. 15, 23, 529 N.E.2d 1091, 1099 (1988) (plaintiff "does not allege [she] *first* exhausted the administrative remedies provided by the Act before bringing her private cause of action") (emphasis added).

We agree with plaintiff that all the cases cited by defendant do deal with situations where a plaintiff had not exhausted the remedies under the IHRA. Furthermore, no Illinois cases have been found that clearly state that there is no common law cause of action for retaliatory discharge. The language cited from *Thakkar* and *Bismarck Hotel,* however, is a very thin reed on which to hang the establishment of a cause of action that does not otherwise find support in Illinois law. There are strong arguments that the Illinois Supreme Court would not recognize a common law cause of action for retaliatory discharge on the same grounds as provided for by the IHRA, even after all remedies under the IHRA have been exhausted.

The Illinois Supreme Court, in recognizing a tort of retaliatory discharge has limited it to the specific circumstances where an otherwise adequate remedy does not exist. *Palmateer,* 52 Ill.Dec. at 14, 421 N.E.2d at 877. The IHRA itself provides such a remedy.

Secondly, the language of the IHRA seems clear to us. "Exclusive remedy" means just that—there is no other remedy. There is no language in the IHRA that indicates that the remedy provided by the act is merely one that must be pursued *first,* rather than exclusively.

Thirdly, even if a common law cause of action for retaliatory discharge were recognized, such an action following exhaustion of remedies under the IHRA would be barred by the doctrine of res judicata. Once the remedies under IHRA are exhausted, a final order in the matter would have been issued. Illinois law recognizes that "a final judgment on the merits is conclusive as to the rights of the parties, constituting an absolute bar to a subsequent action involving the same claim, demand, or cause of action." *Rodgers v. St. Mary's Hosp.,* 149 Ill.2d 302, 173 Ill.Dec. 642, 647, 597 N.E.2d 616, 621 (1992). To determine whether causes of action are the same, Illinois courts recognize the "same evidence" test—the second suit is barred if the evidence needed to sustain the second suit would have sustained the first, or if the same facts were essential to both actions—and the "transactional" test—whether both suits arise from the same transaction, incident, or factual incident. *Id.* Satisfaction of either test will bar the second action. *Id.*

Johnson's claim of retaliatory discharge is simply that she was discharged for filing a complaint under the IHRA. That is precisely the same complaint she filed with the IDHR and pursued through the administrative and judicial procedures provided for by the IHRA. Even in the unlikely case that a common law claim could be asserted that is sufficiently different from that brought under the IHRA and thus escape the bar of res judicata, the claim would still be a new claim that must itself be brought under the IHRA. Or, it might conceivably be sufficiently different that it does not fall under the IHRA at all. We are not faced with that question. Plaintiff has not asserted that her claim does not fall under the IHRA—indeed her whole argument is that her exhaustion of remedies under the IHRA now enables her to bring the claim in this Court.

We conclude, therefore, that the plaintiff is barred by the IHRA from bringing her complaint for retaliatory discharge in this Court as a common law cause of action.

### Conclusion

For the foregoing reasons, defendants' motion to dismiss the failure to transfer claims

in Count I of plaintiff's second amended complaint is treated as a motion to strike and is granted. Allegations of discrimination in failure to transfer, as contained in the second third and fourth sentences of the second amended complaint, are stricken. Furthermore, the words "and job transfers" in paragraph 29 and "or transfer" in paragraph 31 of the second amended complaint are stricken. Defendants' motion to dismiss Count II of plaintiff's second amended complaint in its entirety is granted. Count II of plaintiff's second amended complaint is dismissed with prejudice.