CULT AWARENESS NETWORK, Plaintiff-Appellant, v. CHURCH OF SCIENTOLOGY INTERNATIONAL *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 1—95—1842

Opinion filed March 29, 1996.

James C. Schroeder, Robert M. Dow, Jr., and Craig A. Woods, all of Mayer, Brown & Platt, and John M. Beal, both of Chicago, for appellant.

R. Peter Carey and Uve R. Jerzey, both of Mandel, Lipton & Stevenson, of Chicago, and Eric M. Lieberman and Laurie Edelstein, both of Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., of New York, New York, for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Cult Awareness Network appeals the trial court's dismissal with prejudice of its one-count second amended complaint alleging a cause of action for conspiracy to engage in malicious prosecution against defendants Church of Scientology International, Bowles & Moxon, and Church of Scientology of Illinois.

On appeal plaintiff asserts that the trial court erred in dismissing plaintiff's complaint for failure to state a cause of action for conspiracy to engage in malicious prosecution and that this court should consider whether the complaint states a cause of action for abuse of process even though plaintiff failed to raise such cause of action until this appeal.

We affirm the dismissal of plaintiff's complaint and find that plaintiff waived its abuse of process claim.

In January 1994 plaintiff first filed a five-count complaint against the currently named defendants and 11 individual members of the Church of Scientology. The complaint alleged (1) conspiracy to engage in malicious prosecution; (2) malicious prosecution; (3) conspiracy to interfere with right of assembly and association; (4) infringement of right of association and assembly; and (5) maintenance. After defendants filed a section 2—615 motion to dismiss (735 ILCS 5/2—615 (West 1992)), plaintiff voluntarily withdrew its complaint.

Thereafter, on June 8, 1994, plaintiff filed a four-count first amended complaint against the same defendants named in the original complaint. Unlike the original complaint, the first amended complaint did not include a cause of action for malicious prosecution. Similar to the original complaint, however, the first amended complaint alleged (1) conspiracy to engage in malicious prosecution, (2) conspiracy to interfere with right of association and assembly, (3) in-

fringement of right of association, and (4) maintenance. On August 4, 1994, defendants filed a motion to dismiss pursuant to sections 2—615(b) and (e). Thereafter, the trial court dismissed the first amended complaint with leave to replead only the count alleging conspiracy to commit malicious prosecution as to certain specified underlying prosecutions.

On October 24, 1994, plaintiff filed its one-count second amended complaint, which is now at issue, alleging only conspiracy to engage in malicious prosecution. Plaintiff alleged that defendants conspired with each other to file at least 24 unfounded lawsuits against plaintiff. The 24 lawsuits were filed in various state and federal courts in six or seven jurisdictions across the United States. With only one exception, the essential claim in all the lawsuits was that plaintiff unlawfully denied access to the various complainants who were associated with scientology. The one exception was a lawsuit filed by Jonathan Nordquist in which he alleged that plaintiff had fraudulently induced him to do volunteer work for plaintiff.

On December 14, 1994, defendants filed a motion to dismiss with prejudice for failure to state a cause of action pursuant to section 2—615(b).

Following a hearing on May 10, 1995, the trial court dismissed the complaint with prejudice when plaintiff informed the trial court that it did not wish to replead.

On appeal, plaintiff asserts that the requirements for a malicious prosecution claim are satisfied in the allegations in its complaint. Plaintiff primarily argues that the multiple underlying lawsuits distinguish its cause of action from cases which involved only a single underlying lawsuit.

Defendants contend that plaintiff's complaint failed to state a claim for malicious prosection because it failed to make the required factual allegations to satisfy the favorable termination requirement and failed to allege special damages as required under Illinois law.

■ This court applies a *de novo* standard of review where a complaint is dismissed pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)). *Majumdar v. Lurie*, 274 Ill. App. 3d 267, 268, 653 N.E.2d 915 (1995). To determine whether the plaintiff has stated a cause of action upon which relief could be granted, this court must accept as true all well-pled facts in its complaint and must draw all reasonable inferences from those facts which are favorable to the plaintiff. *Majumdar*, 274 Ill. App. 3d at 268. This court, however, does not accept as true any conclusions of law or fact contained within the complaint which are unsupported by allegations of specific facts upon which those conclusions rest. *Ma-*

*jumdar*, 274 Ill. App. 3d at 268 (reversed the dismissal of the complaint).

■ To sustain an action for malicious prosecution based on a civil lawsuit, a plaintiff must allege facts sufficient to show that: (1) the lawsuit which plaintiff claims was wrongfully filed was terminated in his favor; (2) the wrongfully filed lawsuit was brought maliciously and without probable cause; and (3) the plaintiff suffered some special injury or special damage beyond the usual expense, time, annoyance or inconvenience in defending a lawsuit. *Bank of Lyons v. Schultz*, 78 Ill. 2d 235, 239, 399 N.E.2d 1286 (1980); *Levin v. King*, 271 Ill. App. 3d 728, 730, 648 N.E.2d 1108 (1995) (plaintiff failed to plead special damages).

Regarding the first element, the instant complaint alleges that the 24 lawsuits underlying plaintiff's malicious prosecution claim were variously ended by summary judgments, motions to dismiss, dismissals with prejudice and voluntary dismissals.

■ Neither voluntary nor involuntary dismissals satisfy the favorable termination element. *Bismarck Hotel Co. v. Sutherland*, 175 Ill. App. 3d 739, 748, 529 N.E.2d 1091 (1988) (*Bismarck Hotel II*) (and cases cited therein). "A favorable termination for purposes of a malicious prosecution claim is one which deals with the *factual* issue or issues of a case." (Emphasis added.) *Bismarck Hotel II*, 175 Ill. App. 3d at 748; *Siegel v. City of Chicago*, 127 Ill. App. 2d 84, 108, 261 N.E.2d 802 (1970). This rule obtains even though such dismissals may constitute adjudications on the merits under Supreme Court Rule 273. *Bismarck Hotel II*, 175 Ill. App. 3d at 748; 134 Ill. 2d R. 273.

In *Bismarck Hotel II*, the plaintiff-landlord had filed three forcible entry and detainer actions against the defendant-tenant. *Bismarck Hotel II*, 175 Ill. App. 3d 739. In the first forcible entry and detainer action, the trial court granted the plaintiff-landlord's motion for summary judgment and denied the defendant-tenant's same motion. On appeal in the first action, this court reversed the summary judgment entered in favor of the plaintiff and entered summary judgment in favor of the defendant as to defendant's right to possession of the premises as a month-to-month tenant. *Bismarck Hotel Co. v. Sutherland*, 92 Ill. App. 3d 167, 175, 415 N.E.2d 517 (1980) (*Bismarck Hotel I*).

Thereafter, a second forcible entry and detainer action was dismissed by the circuit court as premature. The plaintiff's third forcible entry and detainer action, which went through a bench trial, was on appeal in the *Bismarck Hotel II* case. In the plaintiff's third lawsuit, the defendant filed a counterclaim including a count alleging malicious use of process which the trial court struck. On appeal, this

court held that the "plaintiff's first forcible entry and detainer action for possession of the demised premises terminated in defendant's favor" for purposes of malicious prosecution. *Bismarck Hotel* II, 175 Ill. App. 3d at 748.

From *Bismarck Hotel* II, the present plaintiff argues that, at a minimum, the eight lawsuits which resulted in summary judgment for plaintiff should suffice to satisfy the favorable termination element for its malicious prosecution claim. We disagree.

The summary judgment which was held to suffice for purposes of the favorable termination element in *Bismarck Hotel* II was entered in favor of the defendant on appeal in *Bismarck Hotel* I, where this court discussed the case in detail and made factual findings favorable to him. In contrast, the present complaint includes no allegations that actual favorable findings were made and instead relies on the mere entry of the summary judgment orders in its favor. A mere grant of summary judgment without more does not necessarily mean that the facts were decided in favor of any one party. See *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 77, 642 N.E.2d 456 (1994) ("[c]ourts cannot ignore the basis on which the summary judgment was granted").

We find that the allegations of the complaint as to the dispositions of the underlying lawsuits fail to satisfy the favorable termination element.

■ The special injury or special damage element requires more than the usual expense, time, annoyance or inconvenience expended in defending a lawsuit. *Bank of Lyons*, 78 Ill. 2d at 239; *Levin*, 271 Ill. App. 3d at 730. The special injury or special damage element of a malicious prosecution claim "has usually been identified with an arrest or seizure of property or some constructive taking or interference with the person or property." *Levin*, 271 Ill. App. 3d at 731.

In paragraph 91 of its complaint, plaintiff alleges its damages as follows:

> "91. CAN has been damaged by the multiplicity of actions brought by, at the behest of, or with the assistance of defendants, as set forth above, [1] in that it has incurred substantial attorneys fees and other legal costs in connection with the defense of the aforesaid actions; [2] in that CAN's insurance costs have increased substantially and CAN has become unable to obtain directors and officers liability insurance; [3] in that CAN's board members, paid staff, and volunteers have spent a substantial amount of time in activities related to the ligation [*sic*]; and [4] in that CAN's board members, paid staff, and volunteers have not spent the time that they have devoted to the litigation related activities to engaging

in CAN's public education activities and their own associational activities."

We find that the allegations for damages do not satisfy the special injury requirement for purposes of a malicious prosecution claim but instead constitute the ordinary harm generated from any legal actions.

We also are not persuaded to find differently by the two cases on which plaintiff relies to support the favorable termination requirement and the special injury element, *i.e.*, *Shedd v. Patterson*, 302 Ill. 355, 134 N.E. 705 (1922), and *Payne v. Donegan*, 9 Ill. App. 566 (1882). Plaintiff maintains that *Shedd* and *Payne* demonstrate that the filing of multiple frivolous lawsuits itself supports a finding of lack of probable cause, obviating the need to strictly construe the favorable termination requirement to insure compliance with that element.

Neither *Shedd* nor *Payne* directly addressed the favorable termination element but rather turned upon the special injury element. Moreover, the underlying lawsuits which initiated the malicious prosecution claim in those cases were all actions asserting the same cause of action arising from the same facts and were brought by the same plaintiff against the same defendants. Furthermore, in *Shedd*, the successive suits occurred *after* the party accused of malicious prosecution had his day in court and after "the final and conclusive determination of his rights by this court." *Shedd*, 302 Ill. at 361. The *Shedd* court specifically found:

> "In this case the courts had repeatedly decided that the defendant had no grievance, and the substantial questions involved were finally and conclusively settled in 1907 [citation]." *Shedd*, 302 Ill. at 361.

Moreover, actions for malicious prosecution have long been disfavored in Illinois courts. *Shedd*, 302 Ill. at 359; *Levin*, 271 Ill. App. 3d at 730. In *Shedd*, the supreme court explained the disfavored status of a malicious prosecution claim as follows:

> "This court has regarded it reasonable that the action should be limited because the courts of law are open to every citizen upon the penalty of lawful costs, and he may have his rights determined without the risk of being sued and having to respond in damages for seeking to enforce his right." *Shedd*, 302 Ill. at 359.

The *Shedd* court relied upon its prior decision in *Smith v. Michigan Buggy Co.*, 175 Ill. 619, 51 N.E. 569 (1898), where the supreme court expressed its concern about the danger of such an action:

> "[T]he danger is that litigation will be promoted and encouraged by permitting such suits as the present action to be brought. This is so, because the conclusion of one suit would be but the begin-

ning of another. A defendant, who had secured a favorable result in the suit against him, would be tempted to bring another suit for the purpose of showing, that there had been malice and want of probable cause in the prosecution of the first suit which he had won. Litigation would thus become interminable." *Smith*, 175 Ill. at 629.

We find that neither the favorable termination requirement nor the special injury element is sufficiently pled in the complaint. Plaintiff urges us to veer from the stringent requirements established for a malicious prosecution claim; however, the principles established in case law are quite clear and we cannot ignore them.

Next plaintiff asserts that the flexibility of the waiver rule allows this court to consider whether the factual allegations in a complaint state a cause of action for abuse of process although that claim is not included in the complaint and although plaintiff raised it for the first time on appeal.

It is well established that "issues not raised in the trial court may not be raised for the first time on appeal." *Eagan v. Chicago Transit Authority*, 158 Ill. 2d 527, 534, 634 N.E.2d 1093 (1994). In *Eagan*, the supreme court held that the plaintiff waived the issue of a special duty exception to immunity conferred by statute (Metropolitan Transit Authority Act) because he failed to raise it in his complaint and did not amend his complaint to include this exception. Notably, the appellate court in *Eagan* not only addressed the special duty exception but relied on it to find that the defendant was not protected by this statutory immunity. The supreme court, however, reversed the appellate court and held that the plaintiff had waived the special duty exception and thus it was not properly before the court. *Eagan*, 158 Ill. 2d at 534-35. Like the present plaintiff, the *Eagan* plaintiff, upon the defendant's motion to dismiss in the trial court, elected to stand by his complaint and did not seek to amend. *Eagan*, 158 Ill. 2d at 530.

Plaintiff already has filed three complaints in this matter and expressly elected to stand on its complaint even when the trial court afforded it yet another opportunity to amend at the hearing on defendants' motion to dismiss. Plaintiffs admit that the abuse of process claim was never raised until this appeal and we thus find the claim has been waived.

For all the foregoing reasons, we affirm the trial court's dismissal with prejudice of plaintiff's second amended complaint.

Affirmed.

RIZZI, P.J., and CERDA, J., concur.