Clarence R. DREWES, et al.,
Appellants,

v.

**FIRST NATIONAL BANK OF
DETROIT LAKES,**
Respondent.

No. C0–90–663.

Court of Appeals of Minnesota.

Oct. 16, 1990.

Review Denied Dec. 20, 1990.

Jack D. Elmquist, Thomas F. Surprenant, Jack D. Elmquist Law Offices, Minneapolis, for appellants.

Lynn J. Hummel, Benshoof, Hummel, Sinclair, Pearson, Evans & Hunt, P.A., Detroit Lakes, for respondent.

Considered and decided by WOZNIAK, C.J., and NORTON and SCHUMACHER, JJ.

## OPINION

NORTON, Judge.

The trial court granted respondent, First National Bank of Detroit Lakes (creditor), partial summary judgment against appellants, Clarence Drewes and Drewes Construction Company (debtors), claim of breach of an oral contract saying that Minn.Stat. § 513.33 (1988) prohibited debtors' claim. After a trial on the remaining claims, debtors brought a motion for new trial alleging that the trial court's refusal to allow their breach of oral contract claim was error because application of section 513.33 to their claim was an unconstitutional impairment of contract. Debtors appeal from the trial court's denial of their motion for new trial.

## FACTS

Debtors had a financial arrangement with creditor. In the spring of 1981, debtors submitted a written loan application and creditor approved a $360,000 line of credit. After that, several loans and promissory notes were issued, and creditor informed debtors on April 13, 1981 that the notes totaled $360,000.

In their complaint, debtors alleged that sometime during 1981 creditor offered them a lower interest rate in return for their agreement to borrow exclusively from creditor with a credit limit of $450,000. Further, debtors allege that they subsequently accepted the offer and abandoned negotiations with other lenders. This agreement was not in writing. On April 1, 1982, borrowing between the parties totaled $423,764. Debtors claim that creditor breached the oral credit agreement in the spring of 1983 by refusing to lend additional amounts up to the $450,000 limit.

Minnesota law prohibits a debtor from maintaining "an action on a credit agreement unless the agreement is in writing * * *." Minn.Stat. § 513.33, subd. 2. The law became effective on May 29, 1985 and "applies to all actions commenced after that date that arise out of a credit agreement * * *." 1985 Minn.Laws ch. 245, § 2. Debtors commenced this action on October 26, 1988.

## ISSUES

Is Minn.Stat. § 513.33 an unconstitutional impairment of contract as applied to appellants?

## ANALYSIS

Appellate review from an order denying a motion for new trial is limited to the errors alleged in the motion. *Covington v. Pritchett*, 428 N.W.2d 121, 124 (Minn.App.1988) (citation omitted). Debtors allege that the court's refusal to allow the breach of contract claim was error because the statute the court relied on was unconstitutional under both the Minnesota and federal constitutions. The question of the constitutionality of the statute is a purely legal one, and no deference is given to the trial court's decision. *Jacobsen v. Anheuser–Busch, Inc.*, 392 N.W.2d 868, 872 (Minn.1986) (citations omitted). However, statutes are presumed to be constitutional, and therefore, the party challenging the statute must demonstrate beyond a rea-

sonable doubt that it is unconstitutional. *Id.* (citation omitted).

■ Although the language of both the federal and Minnesota constitutions prohibit any impairment of contract,[1] this prohibition must be balanced against the state's inherent police power. *Jacobsen*, 392 N.W.2d at 872 (citation omitted). The party challenging the statute must first demonstrate a substantial impairment. If a substantial impairment is shown, the statute can still be constitutional if 1) the act demonstrates a significant and legitimate public purpose behind the legislation and 2) the impairment is reasonable and appropriate to serve the public purpose. *Id.* (citing *Energy Reserves Group, Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 410, 411-13, 103 S.Ct. 697, 704-05, 74 L.Ed.2d 569 (1983)).

## I. *Substantial Impairment*

■ In determining substantial impairment, courts consider the extent to which reasonable expectations are disrupted. However, there may be substantial impairment without total destruction of contractual expectations. The more severe the impairment, the greater the level of scrutiny given the state law. *Minnesota Ass'n of Health Care Facilities v. Minnesota Dep't of Pub. Welfare*, 742 F.2d 442, 450 (8th Cir.1984) (citing *Energy Reserves Group, Inc.*, 459 U.S. at 411, 103 S.Ct. at 704).

Debtors argue that the statute was a substantial impairment because it eliminated any remedies that they had under their agreement. Creditor argues that the impairment was not substantial because the statute had no effect on any of debtors' remedies between the spring of 1983 and May 29, 1985. Further, creditor partially performed by lending some monies during the time of the agreement.

■ Here, the debtors' burden to prove substantial impairment was lessened because the trial court dismissed the breach of contract claim based solely on the facts as alleged in the pleadings. The facts alleged that an oral credit agreement was formed by the parties, and that the agreement was breached by creditor's refusal to lend up to the credit limit. We must take these facts as true. *Hirth v. Village of Long Prairie*, 274 Minn. 76, 76, 143 N.W.2d 205, 206 (1966).

We agree that because the statute eliminated any contract remedies available to debtors under the oral credit agreement, the statute was a substantial impairment.

## II. *Significant Public Purpose*

■ A significant and legitimate purpose is one that remedies a broad and general social or economic problem. *Energy Reserves Group, Inc*, 459 U.S. at 411-12, 103 S.Ct. at 704-05 (citation omitted). The purpose need not address an emergency situation. *Id.* at 412, 103 S.Ct. at 705 (citations omitted). Further, when determining the purpose of legislation, the motive of the legislative body is not a proper subject for judicial inquiry. *Arens v. Village of Rogers*, 240 Minn. 386, 400, 61 N.W.2d 508, 518 (1953).

The requirement that the statute be supported by a significant public purpose is to insure that the legislation, although a substantial impairment of contract, is justified as a valid exercise of the state's police power and not to benefit a special interest. *Jacobsen*, 392 N.W.2d at 874 (citation omitted). In *Jacobsen*, the supreme court held that the impairment in that case was not supported by a significant public purpose. *Id.* at 874-75. There, a beer brewer's contract with a wholesaler allowed the brewer to approve a change in ownership of the wholesaler and terminate the contract if it did not approve of the change. Subsequent legislation forbade a brewer from unreasonably withholding consent to the sale or transfer of a wholesaler's business. *Id.* at 870. The court held that the legislation had "all the earmarks of narrow special interest legislation." *Id.* at 874-75.

1. U.S. Const. art. I, § 10 states: "No state shall * * * pass any * * * law impairing the obligation of Contracts." Minn. Const. art. I, § 11 states: "No * * * law impairing the obligation of contracts shall be passed."

■ Here, the trial court found that the statute had a significant and legitimate purpose in preventing fraud in credit claims. Debtors argue that the purpose of the statute is to protect a narrow interest group of financial institutions rather than the interests of the public. Creditor argues that, although it applies only to lenders, this statute of frauds benefits the general public. We agree that requiring claims by debtors to be based on written credit agreements does not benefit a small interest group, but is supported by the significant legislative purpose of protecting financial institutions and their depositors against fraudulent claims. *Cf. Minnesota Trust Co. of Austin v. Hatch*, 368 N.W.2d 372, 376 (Minn.App.1985) (protecting depositors of financial institutions is an "undisputedly vital social concern").

### III. *Reasonable Means*

■ Not only must the statute be supported by a significant purpose, it must be based upon reasonable conditions and be appropriate to further that purpose. *Jacobsen*, 392 N.W.2d at 872 (citation omitted). "[W]hen this court evaluates the reasonableness and appropriateness of economic regulations we should defer to legislative judgment." *Minnesota Trust*, 368 N.W.2d at 377 (citation omitted).

Debtors say that the statute does not meet this standard because there was no urgency calling for retroactive application to oral contracts formed before the effective date. However, debtors are substituting their judgment for that of the legislature. The legislature could have determined that a reasonable way to prevent fraudulent credit claims was to prevent all litigation relating to oral credit agreements already formed as well.

An unconstitutional impairment of contract argument was applied to a state statute in *Minnesota Ass'n of Health Care Facilities*, 742 F.2d at 442. The statute prohibited nursing homes from charging private-pay residents more than Medical Assistance residents. *Id.* at 445. Although the court held a part of the statute that required nursing homes to refund ex-

cess payments received during the previous two years unconstitutional, it held constitutional that part of the statute that applied to private pay agreements already formed. *Id.* at 450–51. The effect of applying the statute to agreements already formed would have been to prevent enforcement and prohibit judicial remedies.

Here, as with the constitutional part of the statute in *Minnesota Ass'n of Health Care Facilities*, the effect of applying section 513.33 to debtors' oral credit agreement was to prevent enforcement and prohibit judicial remedies. This statute does not require debtor to refund any money that has already been received over a two-year period and does not disrupt "*settled* and *completed* financial arrangements under contracts made in reliance on existing law." *Id.* at 451 (emphasis added). Therefore, the application of the statute to debtors' oral credit agreement is constitutional.

### DECISION

The trial court's denial of a new trial was proper because section 513.33 is constitutional as applied to debtors' oral credit agreement, and the court correctly applied the statute to bar debtor's claim.

Affirmed.