(No. 75176

DENNIS EAGAN, Appellee, v. THE CHICAGO
TRANSIT AUTHORITY, Appellant.

*Opinion filed April 21, 1994.*

McMORROW, J., took no part.

James D. Montgomery and Jean M. Templeton, of James D. Montgomery & Associates, Ltd., William R. Quinlan, Steven E. Nieslawski and James D. Dasso, of Pope & John, Ltd., and William H. Farley, Jr., all of Chicago, for appellant.

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy, Todd A. Smith, David A. Novoselsky and Michael K. Demetrio, of counsel), for appellee.

Michele Odorizzi and Julian C. D'Esposito, of Mayer, Brown & Platt, of Chicago, for *amici curiae* Regional Transportation Authority *et al.*

Iris E. Sholder, of Chicago (William A. Morgan, of counsel), for *amicus curiae* Board of Education of the City of Chicago.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The plaintiff, Dennis Eagan, brought an action in the circuit court of Cook County against the defendant, the Chicago Transit Authority (hereinafter referred to as the CTA), seeking to recover damages for negligence. The CTA filed a motion to dismiss the complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). Following a hearing, the trial court granted the CTA's motion and dismissed the complaint. The appellate court reversed and remanded the cause to proceed on the merits. (240 Ill. App. 3d 784.) We allowed the CTA's petition for leave to appeal (134 Ill. 2d R. 315).

The complaint alleges that on September 28, 1988, Eagan was a passenger on a CTA train when he observed an individual attempting to pick the pocket of another passenger. Eagan intervened and confronted the pickpocket, who then attacked Eagan and cut him with a razor. According to Eagan's complaint, the CTA was aware, prior to this incident, that attacks, including instances of pickpocketing, had taken place on CTA trains and platforms against its customers. Eagan alleged that the CTA therefore had a duty "to provide some form of preventive measure and observation for its passengers." Eagan further alleged that the CTA breached its duty to him and was negligent in one or more of the following respects:

"(a) Failed to monitor in any way whatsoever the train and its platform so as to become aware of pickpocketing and assaults.

(b) Failed to respond in any way when the pickpocketing was observed by other passengers.

(c) Failed to alert the Chicago Police Department that one of its patrons was being pickpocketed by a razor wielding assailant."

The CTA moved to dismiss the complaint under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). The CTA asserted that Eagan's claims against it were barred by the immunity granted to the CTA in section 27 of the Metropolitan Transit Authority Act (Ill. Rev. Stat. 1987, ch. 111²/₃, par. 327). Eagan elected to stand by his complaint and did not seek to amend. Relying on section 27 and this court's decision in *Bilyk v. Chicago Transit Authority* (1988), 125 Ill. 2d 230, the trial court granted the CTA's motion and dismissed the complaint, indicating that the CTA was immune from liability under the facts alleged in Eagan's complaint. Eagan appealed the trial court's ruling.

The appellate court, with one justice dissenting, reversed the trial court. In its decision, the appellate court narrowly construed section 27 to apply only to those situations involving the duty of the CTA to provide a security or police force. (240 Ill. App. 3d at 789.) The appellate court noted that Eagan's complaint related to the failure of the CTA to respond in any way to the pickpocketing situation. (240 Ill. App. 3d at 788.) Accordingly, the appellate court held that section 27 did not provide the CTA with immunity in the present case since Eagan alleged injury by a third-party criminal *in the absence of* a security or police force. (240 Ill. App. 3d at 789.) In essence, the appellate court limited the CTA's immunity to instances where a crime is committed in the presence of a police or security officer. Next, the court found that *Bilyk* was inapplicable, since it only determined the constitutionality of section 27 and did not resolve any issues relating to the scope of immunity afforded by section 27. (240 Ill. App. 3d at 789.) The appellate court also created a "special duty" exception

to section 27 and concluded that Eagan's complaint sufficiently alleged facts which, if proven, could impose liability upon the CTA pursuant to the "special duty" exception to governmental tort immunity. (240 Ill. App. 3d at 790.) Therefore, the appellate court reversed the trial court's order dismissing Eagan's complaint and remanded the cause to the trial court to proceed on its merits.

The issue now before this court is whether the trial court properly dismissed Eagan's complaint pursuant to section 27. In resolving this issue, we begin by examining the provisions set forth in section 27. Section 27 provides in pertinent part:

> "In the policing of its properties the Board may provide for the appointment and maintenance, from time to time, of such police force as it may find necessary and practicable to aid and supplement the police forces of any municipality in the protection of its property and the protection of the persons and property of its passengers and employees, or otherwise in furtherance of the purposes for which such Authority was organized. The members of such police force shall have and exercise like police powers to those conferred upon the police of cities. *Neither the Authority [the CTA], the members of its Board nor its officers or employees shall be held liable for failure to provide a security or police force or, if a security or police force is provided, for failure to provide adequate police protection or security, failure to prevent the commission of crimes by fellow passengers or other third persons or for the failure to apprehend criminals."* (Emphasis added.) Ill. Rev. Stat. 1987, ch. 111²/₃, par. 327.

In interpreting the scope of immunity granted by section 27, we are guided by certain well-established principles of statutory construction. The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. (*Fumarolo v. Chicago Board of Education* (1990), 142 Ill. 2d 54, 96; *People v. Hare* (1988), 119 Ill. 2d 441, 447.) Legislative intent is best determined by the statutory language, which should be

given its plain and ordinary meaning. (*Thomas v. Greer* (1991), 143 Ill. 2d 271, 278; *Henry v. St. John's Hospital* (1990), 138 Ill. 2d 533, 541; see *Hare*, 119 Ill. 2d at 447.) This court has previously noted that, in construing a statute, it is "never proper for a court to depart from plain language by reading into a statute exceptions, limitations or conditions which conflict with the clearly expressed legislative intent." (*Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 84.) Where the statutory language is clear and unambiguous, it will be given effect without resorting to other aids for construction. *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n* (1991), 146 Ill. 2d 175, 207; *People v. Boykin* (1983), 94 Ill. 2d 138, 141.

Applying these basic principles of law, we conclude that the allegations in Eagan's complaint fall within the scope of immunity which section 27 confers upon the CTA. The language of section 27 is not ambiguous. Specifically, section 27 grants the CTA immunity from liability under the following circumstances: (1) failure to provide a security or police force; or (2) if a security or police force is provided, (a) failure to provide adequate police protection or security, (b) failure to prevent the commission of crimes by fellow passengers or third persons, or (c) failure to apprehend criminals. (Ill. Rev. Stat. 1987, ch. $111^2/_3$, par. 327.) Eagan does not dispute that the CTA has provided a police or security force. Eagan's complaint in essence alleges that the CTA is liable because it failed to prevent the commission of the criminal attack on Eagan by a third party. Clearly, the allegations in Eagan's complaint fall within the provisions of circumstance (2)(b) listed above.

In his brief, however, Eagan contends that section 27 does not provide the CTA with immunity in this case. He claims that section 27 immunizes the CTA from liability only when a plaintiff seeks to hold the CTA

liable for failure to provide police protection or for some malfeasance or misfeasance by the police force accorded by the CTA. Eagan claims that his complaint falls outside the scope of section 27 because it alleges that the CTA was negligent in failing to notify the Chicago police department that razor-wielding pickpockets were frequenting its trains. Eagan argues that section 27 has no application to his complaint because it alleges that CTA employees, rather than the CTA's security force, failed to prevent the commission of the attack. We disagree.

The plain language in section 27 provides the CTA with immunity from negligence claims which allege that a CTA employee failed to prevent the commission of a crime against a passenger. Section 27 does not distinguish between a security officer or a nonsecurity CTA employee in granting immunity. Therefore, section 27 applies to the allegations in Eagan's complaint, even though the complaint alleges that nonsecurity personnel failed to prevent the attack on Eagan.

In addition to the unambiguous language of section 27, we find that this court's decision in *Bilyk v. Chicago Transit Authority* (1988), 125 Ill. 2d 230, supports our conclusion that section 27 protects the CTA from liability for its failure to prevent the commission of the attack on Eagan. In upholding the constitutionality of section 27, this court, in *Bilyk*, acknowledged that "section [27] immunizes the CTA from tort liability for any failure to protect passengers from criminal acts of third parties." (*Bilyk*, 125 Ill. 2d at 233-34, 238.) By interpreting section 27 in this manner, this court recognized that section 27 insures that CTA funds are spent on public transportation services and not on private damage claims by passengers injured by criminal acts of third parties. *Bilyk*, 125 Ill. 2d at 238.

Moreover, we find that the allegations raised in

*Bilyk* are similar to those set forth in Eagan's complaint. In *Bilyk*, the plaintiff filed a complaint charging the CTA with negligence and wilful and wanton misconduct. The complaint alleged that the plaintiff, while a passenger on a CTA bus, informed the driver that certain passengers were threatening to physically harm him. The plaintiff claimed that the driver took no action, including failing to summon the police. As a result of the CTA driver's inaction, the plaintiff alleged that he was severely beaten by the other passengers and suffered permanent injuries. The CTA moved to dismiss the complaint on the ground that the action was barred by section 27, which absolves the CTA of liability in tort for criminal acts of third parties. The circuit court denied the CTA's motion, holding that section 27 was unconstitutional. In reversing the judgment of the circuit court and recognizing that section 27 immunizes the CTA from liability for its failure to protect the plaintiff from criminal assaults, this court in essence barred plaintiff's complaint, which alleged negligence based on a CTA employee's inaction.

Here, Eagan also bases his claim of negligence on a CTA employee's inaction, namely, failure to summon the police. Based upon this court's conclusions in *Bilyk*, we find that Eagan's complaint is barred pursuant to the immunity afforded to the CTA by section 27.

Before concluding, we note that Eagan claims that there is a "special duty" exception to the immunity conferred in section 27. The appellate court in this case likewise found that the CTA was not protected by section 27 because it assumed a "special duty" to protect Eagan. This court has previously held that issues not raised in the trial court may not be raised for the first time on appeal. (See *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147.) Since Eagan failed to raise the "special duty" exception in his complaint and did not

amend his complaint to include this exception, it is not properly before this court.

For the foregoing reasons, we conclude that Eagan's complaint was properly dismissed under section 2—619 since, as stated, Eagan's allegations were barred pursuant to section 27. We therefore reverse the judgment of the appellate court and affirm the judgment of the circuit court, which dismissed Eagan's complaint.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE McMORROW took no part in the consideration or decision of this case.