LAUREN NORDSTROM *et al.*, Plaintiffs-Appellants, v. WAUCONDA NATIONAL BANK, Defendant-Appellee (Fogelson Development Corporation, Defendant).

Second District No. 2—95—1221

Opinion filed July 9, 1996.—Rehearing denied August 26, 1996.

Tim Biasiello, of Chicago, for appellants.

Charles W. Siragusa and Jeffrey S. Burns, both of Crowley, Barrett & Karaba, Ltd., of Chicago, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiffs, Lauren Nordstrom and Nordstrom Tree Experts, Inc., appeal the dismissal of the two counts of their complaint which were directed against defendant, Wauconda National Bank. The court dismissed the counts because it found that they were barred by the Illinois Credit Agreements Act (Act) (815 ILCS 160/1 *et seq.* (West 1994)). See 735 ILCS 5/2—619(a)(9) (West 1994). Defendant Fogelson Development Corp. is not a party to this appeal. Plaintiffs raise the following issues for review: whether the Act precludes a claim of promissory estoppel; and whether the Act is unconstitutional because it violates equal protection and due process.

■ We have ordered taken with the case defendant's motion to dismiss the appeal or strike plaintiffs' brief. Defendant argues that plaintiffs' first contention should not be considered because it fails to cite any authority. We disagree. Plaintiffs' citation of the Act is sufficient to satisfy the requirements of Supreme Court Rule 341(e)(7) (155 Ill. 2d R. 341(e)(7)). Defendant also argues that we should not consider the remaining contentions because plaintiffs did not raise

these arguments at the earliest opportunity. However, plaintiffs made these arguments in the motion to reconsider the dismissal. Therefore, defendant had an opportunity to respond, and the trial court had an adequate opportunity to consider the arguments. Because the issues were raised in the trial court, and not for the first time on appeal, they are not waived. *Cf. Eagan v. Chicago Transit Authority*, 158 Ill. 2d 527, 534 (1994). We deny defendant's motion.

Count IV of the second amended complaint sought recovery under a theory of promissory estoppel. It alleged that plaintiffs entered into a loan agreement with defendant. The agreement required plaintiffs to pledge equipment, including a Hydro Ax, as collateral for the loan. Plaintiffs were obligated to provide defendant with insurance coverage for the collateral and to maintain the insurance. After the closing date of the loan, an agent of defendant informed Lauren Nordstrom that the agent would obtain the insurance for the Hydro Ax. In reliance on this promise, plaintiffs did not procure the insurance coverage. After the Hydro Ax was destroyed by fire, Lauren Nordstrom contacted defendant and Bechtold Insurance Agency seeking recovery for the loss. Plaintiffs were advised that there was no insurance coverage for the Hydro Ax. Plaintiffs allege that they were thereby deprived of the right to collect benefits for the value of the Hydro Ax and were unable to satisfy their indebtedness to defendant.

Count V, for breach of contract, alleged that, although the loan agreement provided that plaintiffs would procure insurance coverage and plaintiffs failed to do so by the closing date of the loan, defendant extended credit to plaintiffs. After the closing, defendant's agent stated that she would obtain the insurance for plaintiffs. Defendant forwarded documentation to Bechtold Insurance Agency. Defendant had a duty to procure insurance coverage for the Hydro Ax or to notify plaintiffs of their failure to do so. Defendant breached its duties by failing to procure the insurance and failing to notify plaintiffs.

Defendant moved to dismiss counts IV and V, arguing that both counts were barred by the Act, which prohibits a debtor from maintaining an action on a credit agreement if the agreement or any modification is not in writing. See 815 ILCS 160/2 (West 1994). The alleged modification of the agreement, that defendant would procure the insurance, was not in writing.

The trial court granted the motion to dismiss, finding that counts IV and V were barred by the Act. Plaintiffs moved to reconsider the dismissal, which the court denied. The court made findings that the order was appealable pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).

The questions presented by this appeal are solely legal; we

therefore review the dismissal *de novo. Payne v. Lake Forest Community High School District 115,* 268 Ill. App. 3d 783, 785 (1994). For purposes of a motion to dismiss, all well-pleaded allegations are taken as true and all reasonable inferences from those facts must be drawn in favor of the plaintiff. *Calloway v. Kinkelaar,* 168 Ill. 2d 312, 325 (1995).

■ Plaintiffs first contend the Act does not bar either count. Section 2 of the Act provides that "[a] debtor may not maintain an action on or in any way related to a credit agreement unless the credit agreement is in writing, expresses an agreement or commitment to lend money or extend credit or delay or forbear repayment of money, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." 815 ILCS 160/2 (West 1994). The Act bars all actions based on or related to an oral credit agreement (*McAloon v. Northwest Bancorp, Inc.,* 274 Ill. App. 3d 758, 762 (1995)), including claims based on promissory estoppel (see *Whirlpool Financial Corp. v. Sevaux,* 874 F. Supp. 181, 187 (N.D. Ill. 1994); see also *Klem v. First National Bank,* 275 Ill. App. 3d 64, 67 (1995)).

■ Plaintiffs assert that the agent's statement about procuring the insurance was not an agreement to modify or amend the credit agreement, but was an act in conformity with the provisions of the agreement. Specifically, plaintiffs rely on the "Agreement to Provide Insurance," which states, in relevant part: "[Borrower] acknowledges and agrees that if [Borrower] fails to provide any required insurance or fails to continue such insurance in force, Lender *may* do so at [Borrower's] expense ***." (Emphasis added.) In construing a contract, the goal is to give effect to the intent of the parties, which is to be gleaned from the language of the contract. *Clay v. Illinois District Council of the Assemblies of God Church,* 275 Ill. App. 3d 971, 977 (1995). It is evident that this provision does not require the lender to procure insurance; it merely states that the lender may do so. Because the written agreement did not obligate defendant to procure insurance, the agent's statement that she would take care of the insurance is a modification of the contractual agreement providing that it was plaintiffs' duty to procure insurance.

Plaintiffs cannot maintain an action alleging promissory estoppel or breach of contract based on the oral modification. "There is no limitation as to the type of actions by a debtor which are barred by the Act, so long as the action is in any way related to a credit agreement." *First National Bank v. McBride Chevrolet, Inc.,* 267 Ill. App. 3d 367, 372 (1994). Although the modification agreement to procure insurance is not, itself, a credit agreement, the requirement of insurance for the collateral is an integral part of the credit agreement.

Therefore, the agreement relates to the credit agreement and the claims predicated on it are thereby barred by the Act.

■ Plaintiffs next contend that the Act is unconstitutional in that it violates due process and equal protection guarantees. Specifically, plaintiffs first argue that the Act is special legislation. Our constitution provides, "The General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination." Ill. Const. 1970, art. IV, § 13. This provision prevents the legislature from conferring a special benefit on a person or group to the exclusion of others similarly situated. *In re Petition of the Village of Vernon Hills*, 168 Ill. 2d 117, 122 (1995). The purpose of this section is to prevent arbitrary legislative classifications. Classifications drawn by the legislature are presumed to be constitutionally valid, and all doubts will be resolved in favor of upholding them. *Vernon Hills*, 168 Ill. 2d at 122-23. A special legislation challenge is judged by the same standard as that applied to an equal protection challenge. *Chicago National League Ball Club, Inc. v. Thompson*, 108 Ill. 2d 357, 368 (1985). Where, as here, the statute does not affect a fundamental right or involve a suspect classification, the statute will be upheld if it is rationally related to a legitimate State interest. *Nevitt v. Langfelder*, 157 Ill. 2d 116, 125-26 (1993).

■ Although no Illinois case has considered the constitutionality of the Act, the Minnesota Court of Appeals has considered the constitutionality of its statute, which is nearly identical to the Illinois Act. See *McAloon*, 274 Ill. App. 3d at 764. In *Drewes v. First National Bank*, 461 N.W.2d 389 (Minn. App. 1990), the Minnesota court found that the statute had a "significant and legitimate purpose in preventing fraud in credit claims." *Drewes*, 461 N.W.2d at 392. The court further found that "requiring claims by debtors to be based on written credit agreements does not benefit a small interest group, but is supported by the significant legislative purpose of protecting financial institutions and their depositors against fraudulent claims." *Drewes*, 461 N.W.2d at 392.

We agree with the analysis of *Drewes*. The statute's purpose is to protect depositors of financial institutions, not merely the special interest of the institutions themselves. We conclude that the Act does not violate equal protection.

■ Plaintiffs further argue that the Act violates due process because it allows banks to deprive debtors of contractual rights without prior notice. We disagree. Everyone is presumed to know the law. *In re Estate of Winters*, 239 Ill. App. 3d 730, 736 (1993). The Act was enacted in 1989, more than six months before plaintiffs entered

into the agreement with defendant. Plaintiffs were therefore on notice that the Act's provisions applied.

We conclude that plaintiffs' claims were barred by the Act. Therefore, the trial court properly dismissed counts IV and V of the complaint.

The judgment of the circuit court is affirmed.

Affirmed.

INGLIS and RATHJE, JJ., concur.