BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT NO. 428, De Kalb County, *et al.*, Plaintiffs-Appellees, v. BOARD OF EDUCATION OF HIGH SCHOOL DISTRICT NO. 214, Cook County, Defendant-Appellant.

Second District    No. 2—96—1112

Opinion filed May 16, 1997.

John A. Relias, of Franczek, Sullivan, Mann, Crement, Hein & Relias, P.C., of Chicago, for appellant.

John M. Izzo and Joanne W. Schochat, both of Scariano, Kula, Ellch & Himes, Chartered, of Chicago Heights, and Charles G. Brown, of Boyle, Cordes & Brown, of De Kalb, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, the Board of Education of High School District No. 214, Cook County (District 214), appeals a judgment ordering it to reimburse plaintiff, the Board of Education of Community Unit School District No. 428, De Kalb County (District 428), for special education District 428 provided Student Doe, a child with disabilities, from January 1, 1993, until his eighteenth birthday. (Plaintiffs Stanley Johnson and Suzanne Lambrecht are residents of District 428.) The court ruled that, under sections 14—1.11 and 14—1.11a of the Illinois School Code (Code) (105 ILCS 5/14—1.11, 14—1.11a (West 1994)), District 214 was Student Doe's district of residence for this period and, therefore, under section 14—6.01 of the Code (105 ILCS 5/14—6.01(West 1994)), District 214 must pay for the public special education he received.

On appeal, District 214 argues that the court misconstrued sections 14—11.1 and 14—11.1a and that District 428 is Student Doe's district of residence because, while he attended school there, he lived there with his foster parents, the Cresses, who made all educational decisions on his behalf. District 428 counters that the plain import of sections 14—1.11 and 14—1.11a is that District 214 is Student Doe's district of residence because his parents and legal guardians, the Does, resided there while he was attending school in District 428. We agree with District 428, and we affirm.

The facts are not disputed. The Does have *never* surrendered legal guardianship of their son. However, in 1987, through a written power of attorney, they voluntarily transferred custody of their son to the Cresses, licensed foster parents. The Cresses have since been Student Doe's primary care givers, making decisions about his education and everyday needs. In 1990, the Cresses moved to De Kalb County and enrolled Student Doe in special education classes in District 428.

Sections 14—1.11 and 14—1.11a of the Code became effective January 1, 1993. See 105 ILCS 5/14—1.11, 14—1.11a (West 1994). Late in 1994, District 428 learned that the Cresses were not Student Doe's legal guardians and that his legal guardians, the Does, resided in District 214. District 428's attempts to make the Does enroll their son in District 214 were unavailing, as were its demands that District 214 pay for Student Doe's education in District 428. Therefore, District 428 (along with Johnson and Lambrecht) brought this suit for declaratory judgment and *mandamus*. On cross-motions for summary judgment (see 735 ILCS 5/2—1005(c) (West 1994)), the court held that, during the period at issue, District 214 was Student Doe's district of residence. The court ordered District 214 to reimburse District 428 for the cost of Student Doe's special public education.

■ We believe this judgment follows the plain meaning of sections 14—1.11 and 14—1.11a, which are part of the Code's comprehensive regulatory and funding scheme for special education. See 105 ILCS 5/14—1.01 *et seq.* (West 1994). Section 14—1.11 defines the "resident district" as the "school district in which *the parent or guardian,* or both parent and guardian, of the student reside" when "the parent has legal guardianship of the student and resides within Illinois." (Emphasis added.) 105 ILCS 5/14—1.11(1) (West 1994). That is the situation here. The Does are the parents and the legal guardians of Student Doe, and they reside in Illinois.

Section 14—1.11a provides that, under certain well-defined circumstances (such as when the location of the parent or legal guardian is unknown), the district of residence is that in which the *student* resides. None of these exceptions applies here, as District 214 concedes.

■ Where the language of a statute is clear and unambiguous, the court's function is to enforce the law as enacted. *Reed v. Kusper*, 154 Ill. 2d 77, 84-85 (1992). The plain meaning of the statute's words is the best guide to the legislature's intent. *People v. Wittenmyer*, 151 Ill. 2d 175, 195 (1992). To require District 428 to pay for Student Doe's special education would ignore the plain legislative intent to make a special education student's district of residence the one in which his parent or guardian is known to reside, even if the student lives and attends school elsewhere.

■ Because District 214 is Student Doe's district of residence, it must pay for his education in the period at issue. Section 14—6.01 of the Code plainly imposes this responsibility on the district of residence by stating that "high school districts are financially responsible for the education of handicapped pupils resident in their districts when such pupils have reached age 15." 105 ILCS 5/14—6.01 (West 1994).

To avoid the plain import of the statute, District 214 relies on cases that apply equitable doctrines of "guardianship by estoppel" and "putative parenthood" where someone other than the natural parent or legal guardian is primarily responsible for the care of the child. See *Mid-American Lines, Inc. v. Industrial Comm'n*, 82 Ill. 2d 47, 50-55 (1980), and *Faber v. Industrial Comm'n*, 352 Ill. 115, 119-23 (1933) (discussing when deceased employee may have stood *in loco parentis* to child so as to entitle child to workers' compensation death benefits); *Alber v. Illinois Department of Mental Health*, 786 F. Supp. 1340, 1371-73 (N.D. Ill. 1992) (holding that care givers who are not legal guardians may still have privacy rights based on their relationship to dependents). District 214 did not raise this theory at the trial

level, where it conceded that the Cresses have never been Student Doe's legal guardians. Issues not raised in the trial court may not be raised for the first time on appeal. *Eagan v. Chicago Transit Authority*, 158 Ill. 2d 527, 534 (1994). Therefore, District 214 has waived this argument.

In any event, District 214's reliance on these cases is misplaced. None of the cases apply to the allocation of burdens among governmental units, such as is involved in financing special education for disabled students in public schools. Also, as District 428 observes, sections 14—1.11 and 14—1.11a speak unambiguously in terms of the "parent" and the "legal guardian," leaving no room for the sort of construction District 214 urges. As this rigid phrasing implies, the adoption of an equitable balancing test to determine residence, parenthood, or guardianship would frustrate the legislature's intent in enacting sections 14—1.11 and 14—1.11a. Had the legislature desired a flexible multifactor test for determining residence in special education cases, it would not have passed these laws at all but simply continued the existing system (which still governs outside the special education context). See *Israel S. v. Board of Education of Oak Park & River Forest High School District 200*, 235 Ill. App. 3d 652, 657 (1992); *Kraut v. Rachford*, 51 Ill. App. 3d 206, 212 (1977). Under this regime, a court could indeed consider "a panoply of *** circumstances" (*Kraut*, 51 Ill. App. 3d at 212) that might overcome the presumption that the district of residence is that in which the parents reside. Using this multifactor balancing test, the trial court correctly determined that, before the law was changed, District 428 was Student Doe's district of residence. However, as the trial court implicitly found, the adoption of the bright-line tests of sections 14—1.11 and 14—1.11a shows the legislature's intent to replace the *Kraut* test in the special education setting and thereby eliminate the uncertainty that was the product of the flexible standard.

The trial court correctly determined that District 214 must reimburse District 428 for Student Doe's special education during the time at issue. Therefore, the judgment of the circuit court of De Kalb County is affirmed.

Affirmed.

GEIGER, P.J., and INGLIS, J., concur.