No. 2--96--1112

__________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

___________________________________________________________________

BOARD OF EDUCATION OF           )  Appeal from the Circuit Court

COMMUNITY UNIT SCHOOL DISTRICT                     )   of De Kalb County.

NO. 428, DE KALB COUNTY,        )

STANLEY JOHNSON, and SUZANNE    )

LAMBRECHT,                      )

                                )

     Plaintiffs-Appellees,      )  No. 95--MR--8

                                )                                

v.                              )

                                     )  

BOARD OF EDUCATION OF HIGH           )

SCHOOL DISTRICT NO. 214,        )

COOK COUNTY,                         )  Honorable

                                     )  John W. Countryman, 

     Defendant-Appellant.            )  Judge, Presiding.

                                                                  

     JUSTICE McLAREN delivered the opinion of the court:

     Defendant, the Board of Education of High School District No.

214, Cook County (District 214), appeals a judgment ordering it to

reimburse plaintiff, the Board of Education of Community Unit

School District No. 428, De Kalb County (District 428), for 

special education District 428 provided Student Doe, a child with

disabilities, from January 1, 1993, until his 18th birthday. 

(Plaintiffs Stanley Johnson and Suzanne Lambrecht are residents of

District 428.)  The court ruled that, under sections 14--1.11 and

14--1.11a of the Illinois School Code (Code) (105 ILCS 5/14--1.11,

14--1.11a (West 1994)), District 214 was Student Doe's district of

residence for this period and, therefore, under section 14--6.01 of

the Code (105 ILCS 5/14--6.01(West 1994)) District 214 must pay for

the public special education he received. 

     On appeal, District 214 argues that the court misconstrued

sections 14--11.1 and 14--11.1a and that District 428 is Student

Doe's district of residence because, while he attended school

there, he lived there with his foster parents, the Cresses, who

made all educational decisions on his behalf.  District 428

counters that the plain import of sections 14--1.11 and 14--1.11a

is that District 214 is Student Doe's district of residence because

his parents and legal guardians, the Does, resided there while he

was attending school in District 428.  We agree with District 428,

and we affirm.

     The facts are not disputed.  The Does have never surrendered

legal guardianship of their son.  However, in 1987, through a

written power of attorney, they voluntarily transferred custody of

their son to the Cresses, licensed foster parents.  The Cresses

have since been Student Doe's primary care givers, making decisions

about his education and everyday  needs.  In 1990, the Cresses

moved to De Kalb County and enrolled Student Doe in special

education classes in District 428.

     Sections 14--1.11 and 14--1.11a of the Code became effective

January 1, 1993.  See 105 ILCS 5/14--1.11, 14--1.11a (West 1994). 

Late in 1994, District 428 learned that the Cresses were not

Student Doe's legal guardians and that his legal guardians, the

Does,  resided in District 214.  District 428's attempts to make

the Does enroll their son in District 214 were unavailing, as were

its demands that District 214 pay for Student Doe's education in

District 428.  Therefore, District 428 (along with Johnson and

Lambrecht) brought this suit for declaratory judgment and mandamus. 

On cross-motions for summary judgment (see 735 ILCS 5/2--

1005(c)(West 1994)), the court held that, during the period at

issue, District 214 was Student Doe's district of residence.  The

court ordered District 214 to reimburse District 428 for the cost

of Student Doe's special public education.

     We believe this judgment follows the plain meaning of sections

14--1.11 and 14--1.11a, which are part of the Code's comprehensive

regulatory and funding scheme for special education.  See 105 ILCS

5/14--1.01 et seq. (West 1994).  Section 14--1.11 defines the

"resident district" as the "school district in which the parent or

guardian, or both parent and guardian, of the student reside" when

"the parent has legal guardianship of the student and resides

within Illinois."  (Emphasis added.) 105 ILCS 5/14--1.11 (West

1994).  That is the situation here.  The Does are the parents and

the legal guardians of Student Doe, and they reside in Illinois. 

      Section 14--1.11a provides that, under certain well-defined

circumstances (such as when the location of the parent or legal

guardian is unknown), the district of residence is that in which

the student resides.  None of these exceptions applies here, as

District 214 concedes.

     Where the language of a statute is clear and unambiguous, the

court's function is to enforce the law as enacted.  Reed v. Kusper,

154 Ill. 2d 77, 84-85 (1992).  The plain meaning of the statute's

words is the best guide to the legislature's intent  People v.

Wittenmyer, 151 Ill. 2d 175, 195 (1992).  To require District 428

to pay for Student Doe's special education would ignore the plain

legislative intent to make a special education student's district

of residence the one in which his parent or guardian is known to

reside, even if the student lives and attends school elsewhere. 

     Because District 214 is Student Doe's district of residence,

it must pay for his education in the period at issue.  Section 14--

6.01 of the Code plainly imposes this responsibility on the

district of residence by stating that "high school districts are

financially responsible for the education of handicapped pupils

resident in their districts when such pupils have reached age 15." 

105 ILCS 5/14--6.01 (West 1994).   

     To avoid the plain import of the statute, District 214 relies

on cases that apply equitable doctrines of "guardianship by

estoppel" and "putative parenthood" where someone other than the

natural parent or legal guardian is primarily responsible for the

care of the child.  See Mid-American Lines, Inc. v. Industrial

Comm'n, 82 Ill. 2d 47, 50-55 (1980), and Faber v. Industrial

Comm'n, 352 Ill. 115, 119-23 (1933)(discussing when deceased

employee may have stood in loco parentis to child so as to entitled

child to workers' compensation death benefits); Alber v. Illinois

Department of Mental Health, 786 F. Supp. 1340, 1371-73 (N.D. Ill.

1992)(holding that care givers who are not legal guardians may

still have privacy rights based on their relationship to

dependents).  District 214 did not raise this theory at the trial

level, where it conceded that the Cresses have never been Student

Doe's legal guardians.  Issues not raised in the trial court may

not be raised for the first time on appeal.  Eagan v. Chicago

Transit Authority, 158 Ill. 2d 527, 534 (1994).  Therefore,

District 214 has waived this argument.

     In any event, District 214's reliance on these cases is

misplaced.  None of the cases apply to the allocation of burdens

among governmental units, such as is involved in financing special

education for disabled students in public schools.  Also, as

District 428 observes, sections 14--1.11 and 14--1.11a speak

unambiguously in terms of the "parent" and the "legal guardian,"

leaving no room for the sort of construction District 214 urges. 

As this rigid phrasing implies, the adoption of an equitable

balancing test to determine residence, parenthood, or guardianship

would frustrate the legislature's intent in enacting sections 14--

1.11 and 14--1.11a.  Had the legislature desired a flexible

multifactor test for determining residence in special education

cases, it would not have passed these laws at all but simply

continued the existing system (which still governs outside the

special education context).  See  Israel S. v. Board of Education

of Oak Park & River Forest High School District 200, 235 Ill. App.

3d 652, 657 (1992); Kraut v. Rachford, 51 Ill. App. 3d 206, 212

(1977).  Under this regime, a court could indeed consider  "a

panoply of *** circumstances" (Kraut, 51 Ill. App. 3d at 212) that

might overcome the presumption that the district of residence is

that in which the parents reside.  Using this multifactor balancing

test, the trial court correctly determined that, before the law was

changed, District 428 was Student Doe's district of residence. 

However, as the trial court implicitly found, the adoption of the

bright-line tests of sections 14--1.11 and 14--1.11a shows the

legislature's intent to replace the Kraut test in the special

education setting and thereby eliminate the uncertainty that was

the product of the flexible standard.

     The trial court correctly determined that District 214 must

reimburse District 428 for Student Doe's special education during

the time at issue.  Therefore, the judgment of the circuit court of

De Kalb County is affirmed.

     Affirmed.

     GEIGER, P.J., and INGLIS, J., concur.