SIXTH DIVISION

December 17, 2004

No. 1-03-3501

KRISTA PULCINI and NORA BUCHER, ) Appeal from the

Individually and on Behalf of a Class ) Circuit Court of

of Similarly Situated Individuals, ) Cook County

)

Plaintiffs-Appellants, )

)

v. ) )

BALLY TOTAL FITNESS CORPORATION, a )

Delaware Corporation, ) Honorable

) Richard A. Siebel,

Defendant-Appellee. ) Judge Presiding

JUSTICE McNULTY delivered the opinion of the court, as modified on denial of rehearing:

Nora Bucher and Krista Pulcini (some documents in the record, including the complaint, misspell the name as Palcini) sued Bally Total Fitness Corporation, charging that their contracts with Bally violated the Physical Fitness Services Act (Fitness Act) (815 ILCS 645/1 
et seq
. (West 1998)) and the Automatic Contract Renewal Act (Renewal Act) (815 ILCS 601/1 
et seq.
 (West 2002)).  The trial court dismissed the complaint for failure to state a cause of action.  On appeal, we find that 
plaintiff
s have stated viable causes of action for violation of both acts.

Pulcini signed her contract with Bally on October 18, 1999.  The contract sets a membership fee of $957 and monthly dues of $8.  Pulcini paid $50 toward her membership fee and she agreed to pay off the balance by paying $29.99 each month for the following 3 years.  She accepted Bally's automatic payment plan for her "Monthly Payment" of $37.99, which covered the monthly dues and the payment for the membership fee.

The contract further provided:

"You will be in Default *** if you fail to pay any installment within 30 days after the date when such installment is due.  If you are in Default, your membership privileges may be denied and any partial downpayment forfeited. *** We may get a court judgment against you for the amount you still owe ***.

*** Other than in the event of permitted cancellations described below, Buyer shall not be excused from the obligation to make any payment in accordance with this Contract, and Buyer may not reduce the amount of any payment for any reason including Member's failure to use any club. ***

***

*** You have the right to cancel this Contract by sending written notice of intent to cancel within three business days after the first business day after this Contract is signed ***.

***

*** If Buyer or Member dies or Member becomes disabled *** Buyer may cancel Member's membership by sending written notice of cancellation ***.

*** Buyer may cancel Member's membership if Member permanently relocates his or her residence more than 25 miles from either the club of enrollment or any other club which Member is entitled to use under the membership plan chosen ***.

***

*** You may cancel this Contract if your club of enrollment permanently closes and Member lives more than 25 miles from any other club which you are entitled to use under the membership plan you have chosen ***.

* * *

*** Buyer agrees to pay a $25.00 fee *** [for] any Automatic Payment authorized by Buyer which is rejected or not honored by Buyer's bank *** for any reason, along with any costs or expenses incurred in connection with collection ***.

* * *

*** Monthly dues charges will continue to be due each month regardless of your use of the club until you notify us in writing that you wish to cancel this Contract. *** If you fail to pay any monthly dues payment within 30 days after the date such payment is due, your membership privileges may be cancelled and you may have to reapply for membership at the prices we are then charging new members or, if available, pay a reinstatement fee which may include unpaid dues to date. ***

*** If you have elected the Automatic Payment Plan, you are authorizing us, or our agents, to make charges or withdrawals to the accounts you have specified for membership fee (until paid in full), monthly dues and tax payments and all other charges permitted under this Contract."

Bucher signed a very similar contract with Bally on September 16, 2002.  The contract set the membership fee for the plan Bucher selected at $2,130.  For the first 36 months of the contract, Bucher agreed to pay $63.99 per month, itemized as $58.99 for the membership fee plus $5 for monthly dues.  The contract included clauses with the same effect as the clauses found in Pulcini's contract regarding default, grounds for cancellation without default, monthly dues, and automatic payment.  

Like Pulcini, Bucher accepted the automatic payment option.  Bucher gave Bally her checking account information, permitting Bally to obtain the monthly payment directly from her account, whenever the funds in her account exceeded the amount of her monthly payment.  The contract provided for assessment of penalties against Bucher if her bank ever failed to pay Bally the automatic monthly payment.

Bucher and Pulcini filed this lawsuit on March 24, 2003.  They sought to represent the class of all persons in Illinois who, after March 24, 1998, entered into renewable membership plans with Bally, with an automatic payment plan and a period of more than two years for payment of the membership fee.  They claimed that the contracts violated the Fitness Act because they established an initial service term of three years, and the automatic renewal violated the Renewal Act.

Bally moved to dismiss the complaint for failure to state a cause of action.  735 ILCS 5/2-615 (West 2002).  The trial court accepted Bally's argument that the contract provides for an initial service term of one month, renewed by payment of monthly dues.  The court found that the contracts violated neither the Fitness Act nor the Renewal Act, and therefore the court dismissed the complaint.

ANALYSIS

Because the trial court dismissed the complaint pursuant to section 2-615 of the Code of Civil Procedure, we review the dismissal 
de novo
.  
Beahringer v. Page
, 204 Ill. 2d 363, 369 (2003).  We will not affirm the dismissal "unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover."  
Beahringer
, 204 Ill. 2d at 369.

Section 8 of the Fitness Act provides:

"No contract for physical fitness services shall require payments or financing over a period in excess of 3 years from the date the contract is entered into, nor shall the term of any such contract be measured by the life of the customer. The initial term of services to be rendered under the contract may not extend over a period of more than 2 years from the date the parties enter into the contract; provided that the customer may be given an option to renew the contract for consecutive periods of not more than one year each for a reasonable consideration not less than 10% of the cash price of the original membership."  815 ILCS 645/8(b) (West 1998).

Section 9 establishes the penalty:

"Any contract for physical fitness services which does not comply with the applicable provisions of this Act shall be void and unenforceable."  815 ILCS 645/9(c) (West 1998).

Bally argued successfully in the trial court that its contracts do not provide for an impermissible initial service term of three years; instead, they provide for an initial term of one month renewable each month.  On appeal 
plaintiff
s point out that under Bally's construction of the contract, the consideration for monthly renewal falls far short of 10% of the initial membership fee, in violation of section 8(b) of the Fitness Act.  

Bally responds that 
plaintiff
s waived the issue by failing to identify this particular violation of the Fitness Act in the trial court.  In support, Bally cites 
Eagan v. Chicago Transit Authority
, 158 Ill. 2d 527 (1994), in which our supreme court affirmed a dismissal under section 2-619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2-619).  The court found that the 
plaintiff
 waived an argument raised on appeal because the complaint did not state sufficient facts to support the argument and the 
plaintiff
 had not moved to amend his complaint to state the facts on which his argument relied.  
Eagan
, 158 Ill. 2d at 534-35.

Plaintiff
s here rely on no facts outside of those shown by their complaint and the contracts appended to the complaint.  Bally cites no case in which the court reviewing a dismissal under section 2-615 refused to consider, as waived, an argument showing that the facts stated in the complaint sufficed to state a cause of action.  The 
de novo
 standard of review does not permit us to disregard any theory of recovery supported by the factual allegations of the complaint.  We will affirm a dismissal under section 2-615 only if the record clearly shows that the 
plaintiffs
 can prove no set of facts under the pleadings that will entitle them to recover.  
American National Bank & Trust Co. v. City of Chicago
, 192 Ill. 2d 274, 279 (2000).

Bally next claims that under both of 
plaintiff
s' contracts, a membership renewal for a full year after the initial three-year period of their contracts cost more than 10% of the initial membership prices.  But if the contract establishes an initial term of services of three years, it violates section 8(b) of the Fitness Act, just as 
plaintiff
s claimed in the trial court.  Bally also argues for an initial term of one year with one year renewals, but Bally cites no language in the contract to support the claim that the initial membership fee pays for one year's membership.  The payment schedule shows that Bally begins charging a monthly renewal fee within a month after initiating the membership.  Thus, Bally must still rely on its contention that the initial service period for each contract is one month, subject to monthly renewal.

The Fitness Act provides that a contract's renewal period must not exceed one year, but the statute permits renewal periods of any lesser length.  The contracts here established renewal periods of one month, equal to the duration of the initial service period.  The Fitness Act requires the price for each renewal period to be "reasonable consideration not less than 10% of the cash price of the original membership." 815 ILCS 645/8(b) (West 1998).

Although the legislative history of the Fitness Act does not address this particular provision, the "Bill was introduced in response to *** abuses" (82d Ill. Gen. Assem., House Proceedings, April 2, 1981, at 48 (statements of Representative Jaffe))

reported with regard to contracts of physical fitness centers.  In response legislators worked with the Attorney General's office to establish "contract limitations and *** prohibited provisions."  82d Ill. Gen. Assem., House Proceedings, April 2, 1981, at 48 (statements of Representative Jaffe).  Section 8(b) of the Fitness Act restricts the power of fitness centers to tie members to long-term contracts.  If the original membership price pays for many subsequent renewal periods, the contract effectively ties the member to a prohibited long-term contract.  The requirement that a renewal must cost more than one-tenth of the cost of the initial period assures that the member has a significant cancellation option at the end of each renewal period.

Pulcini's contract set an initial service period of one month with a membership price of $957.  The renewal for the first renewal period, one month later, cost $8, which was considerably less than 1% of the cost of the original membership.  For payments to reach the same total as provided in Pulcini's contract, without interest, for 36 months with monthly renewal, the initial membership fee cannot exceed $276.67, with monthly dues of at least $27.67.  Bucher's contract shows an original membership cost of $2,130, and a monthly renewal fee of $5, which is barely 0.2% of the membership fee.  
Plaintiff
s have stated a viable cause of action for violation of the Fitness Act.

Bucher also argues that her contract violates the Renewal Act, which provides:

"If a contract is subject to automatic renewal, the clause providing for automatic renewal must appear in the contract in a clear and conspicuous manner."  815 ILCS 601/10 (West 2002).

Section 15 of the Renewal Act sets the penalty for a violation of section 10:

"If a contract does not comply with this Act, the automatic renewal provisions are not enforceable by a party who prepared the contract or directed its preparation."  815 ILCS 601/15 (West 2002).

Pulcini concedes that her contract does not violate the Renewal Act, because she signed her contract before the Renewal Act took effect.  See 815 ILCS 601/20 (West 2002).

Bally argues that Bucher's contract does not provide for automatic renewal because Bucher had to pay dues each month to renew her membership.  The contract provides that the monthly charge consists of a payment for the original membership fee plus monthly dues.  If one fails to pay any part of the monthly charge, without cancellation on one of the limited grounds permitted by the contract, the member has defaulted under the contract.  According to the contract, Bally then has many rights to exercise at its discretion, including the right to deny the member access to its clubs.  The contract does not provide for nonpayment of the monthly dues without default for the entire 36 months set for payment of the original membership fee.

Moreover, Bucher's contract provides for automatic payment, directly from her checking account, of the monthly payment, including both a portion of the membership fee and the monthly dues.  Thus, if Bucher does nothing whatsoever, Bally takes her money each month, including the monthly dues, and renews her membership indefinitely.  Bucher must actively cancel her membership to prevent Bally from continuing to drain cash from her bank account.  Bucher's contract epitomizes automatic renewal.

Bally argues that Bucher has failed to state a cause of action for violation of the Renewal Act because Bucher has not alleged that Bally has attempted to enforce the automatic renewal provisions.  The Renewal Act limits its remedy to disallowing enforcement of renewal provisions.  815 ILCS 601/15 (West 2002).  But Bally effectively enforces the automatic renewal provision every time it obtains the monthly payment from Bucher's checking account.  According to the contract the monthly payment Bally can take from the bank includes the monthly dues, even if Bucher does not use any of Bally's facilities.  And if Bucher takes any steps to prevent the bank from making the complete monthly payment, including the monthly dues, the contract provides for further financial penalties against Bucher.

In a petition for rehearing Bally argues that the contract complies with the Renewal Act because it clearly and conspicuously provides for automatic renewal.  Although Bally's lawyers read the contract and did not see that it provided for automatic renewal at all, let alone clearly and conspicuously, we do not intend to foreclose Bally from raising any viable defenses to the complaint.  Bally also claims that the contract does not limit the available grounds for cancellation of membership, and it does not provide for automatic payment of monthly dues, and it does not tie members to impermissible long-term contracts with a large membership fee and renewals at less than 10% of the initial membership.  We do not foreclose Bally from showing that the contract renders inoperative the provisions quoted above concerning grounds for cancellation, automatic payment, and renewal.  We find here only that Bucher has stated facts which could support a cause of action for violation of the Renewal Act, and both 
plaintiff
s have stated a viable cause of action for violation of the Fitness Act.

Because the contracts apparently set renewal prices far less than 10% of the initial membership fee, effectively tying 
plaintiff
s to prohibited long-term contracts, 
plaintiff
s have stated a viable cause of action against Bally for violation of the Fitness Act.  The automatic payment provision permits Bally to take Bucher's money every month until she cancels the contract.  Because she adequately pled that the contract does not clearly and conspicuously provide for automatic renewal, Bucher has stated a viable cause of action against Bally for violation of the Renewal Act.  Pulcini does not contest dismissal of her claim for violation of the Renewal Act.  We affirm that aspect of the trial court's decision.  We reverse the decision in all other respects and we remand for proceedings not inconsistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

FITZGERALD SMITH, P.J. and O'MARA FROSSARD, J., concur.